[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#101)
The complaint alleges the following facts. The plaintiff, Michael Showah, applied to the Bridgeport Planning and Zoning Commission for a change of zone for his residence from R-A to R-C. On January 31, 2000, the commission held a public hearing and considered the plaintiff's application. Four members of the commission voted in favor of the application, two voted against the application and one commissioner abstained. The commission published a notice that the zone change application "failed to pass-denied." The plaintiff further alleges that the Planning and Zoning Commission miscounted the votes, and that the abstaining vote should have been counted with the majority, which would have resulted in an approval of the application.
The plaintiff brought this mandamus action against the defendants, the city of Bridgeport Planning and Zoning Commission, and William Shaw, clerk of the planning and zoning commission. The plaintiff is seeking a temporary and permanent mandatory injunction ordering the defendants to CT Page 11182 change the zone of his residence from R-A to R-C, in accordance with the vote taken on the plaintiff's application by the planning and zoning commission at the public hearing on January 31, 2000.
The defendants filed a motion to dismiss the plaintiff's complaint on the ground that the court lacks subject mailer jurisdiction. The defendants filed a memorandum of law in support of their motion to dismiss, and the plaintiff filed a memorandum of law in opposition thereto. The defendants responded with a supplemental brief in support of their position.
"It is well established that [i]n ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Internal quotation marks omitted.) Lawrence Brunoli, Inc. v.Branford, 247 Conn. 407, 410-11, 722 A.2d 271 (1999).
The defendants argue that the plaintiff's sole avenue of relief is an administrative appeal pursuant to General Statutes § 8-8, but that the plaintiff failed to file an action within the statutory time period, which deprives this court of subject matter jurisdiction. In response, the plaintiff maintains that he alleges facts that satisfy the three prong test for mandamus. The plaintiff further argues that he cannot bring an administrative appeal alleging that the commission was in error when he agrees with the commission's decision.
The Supreme Court has stated, "[m]andamus is an extraordinary remedy, available in limited circumstances for limited purposes. . . . It is fundamental that the issuance of the writ rests in the discretion of the court, not an arbitrary discretion exercised as a result of caprice but a sound discretion exercised in accordance with recognized principles of law. . . . That discretion will be exercised in favor of issuing the writ only where the plaintiff has a clear legal right to have done that which he seeks. . . . The writ is proper only when (1) the law imposes on the party against whom the writ would run a duty the performance of which is mandatory and not discretionary; (2) the party applying for the writ has a clear legal right to have the duty performed; and (3) there is no other specific adequate remedy." (Internal quotation marks omitted.) Miles v.Foley, 253 Conn. 381, 391 ___ A.2d ___ (2000).
In the present case. the plaintiff argues that his zone change application was approved because the abstaining vote should be counted with the majority. The plaintiff contends that the board's votes, when tallied properly, resulted in approval of his application, and, therefore, the board has a non-discretionary duty to change the zoning of CT Page 11183 his property from R-A to R-C. The plaintiff's claim is unavailing.
"It is obvious from the requirement of publication [of the zoning commission's decision] for the purpose of notice and by running the appeal period from the date of publication that the act of publication indicates that a final decision has been reached. There is a period of up to fifteen days between the date of the decision within which the board may open its decision for good cause to correct matters that were overlooked and were capable of speedy and practical correction. Once the board published notice of the decision, its decision was final . . . ."Sharp v. Zoning Board of Appeals, 43 Conn. App. 512, 526, 684 A.2d 713
(1996).
The plaintiff alleged in his complaint that the decision of the commission was published, and that it was published as a denial of the application. (Complaint, ¶ 15.) Therefore, the final decision of the board, as published, was a denial. See Sharp v. Zoning Board of Appeals, supra, 43 Conn. 526. Further the plaintiff's sole remedy is an administrative appeal pursuant to General Statutes § 8-8, and the court may not entertain a mandamus action unless and until the plaintiff avails himself of his administrative remedies. See Drumm v. Brown,245 Conn. 657, 676, 716 A.2d 50 (1998). In the present case, the plaintiff failed to allege that he properly sought to avail himself of his administrative remedy, and, therefore, the court lacks subject matter jurisdiction. Therefore, the plaintiff has not pleaded facts, or provided a basis, for filing a mandamus action in lieu of an administrative appeal pursuant to General Statutes § 8-8, because the plaintiff cannot demonstrate that he has a clear legal right to the zone change or that he had no other adequate remedy.
Accordingly, the defendants' motion to dismiss is granted on the basis that the plaintiff has failed to show that he is entitled to pursue a mandamus action.
JOHN W. MORAN, JUDGE CT Page 11184