[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY IUDGMENT (#116)
 Facts
This lawsuit arises out of the defendants' refusal to indemnify the plaintiff for a worker's compensation claim that was filed by one of the plaintiff's employees. On September 29, 1999,[1] the plaintiff, Matthew Battista, d/b/a Connecticut Building and Remodeling (Battista), filed a three count complaint against the defendants, Massad Agency, Inc. (Massad), and Travelers Property and Casualty Insurance Company (Travelers). Counts one and two allege negligence and violation of the Connecticut Unfair Trade Practices Act (CUTPA) against the defendant, Massad, an insurance agent and broker. Count three alleges that the defendant, Travelers, is vicariously liable for the acts of Massad.
On April 26, 2000, Travelers filed a motion for summary judgment as to count three of Battista's complaint. A memorandum, an affidavit and supporting documentation were filed at the same time. On September 1, 2000, Battista filed an objection to Travelers's motion to strike, a CT Page 12998 memorandum, an affidavit and supporting documentation.
 Discussion
Pursuant to Practice Book § 17-45, "summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . ." (Citation omitted; internal quotation marks omitted.) Miles v. Foley,253 Conn. 381, 385, ___ A.2d ___ (2000). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the non moving party. . . ." (Internal quotation marks omitted.) Sherwood v. Danbury Hospital, 252 Conn. 193, 201, 746 A.2d 730
(2000). "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski, 206 Conn. 495, 500,538 A.2d 1031 (1988). "The party seeking summary judgment has the burden of showing the absence [of] any genuine issue of material facts. . . ." (Citation omitted; internal quotation marks omitted.) Hertz Corp. v.Federal Ins. Co., 245 Conn. 374, 381, 713 A.2d 820 (1998). "[T]he movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." (Internal quotation marks omitted.) Witt v. St. Vincent'sMedical Center, 252 Conn. 363, 373 n. 7, 746 A.2d 753 (2000).
In count three of the complaint, Battista alleges that Travelers is vicariously liable for the acts of Massad. Battista alleges that "[a]t all times . . . Massad . . . was acting as agent for . . . Travelers . . . and on their behalf acting within the scope of its authority issued the aforesaid Certificates of Insurance relied by Battista . . . (Complaint, count three, ¶ 11.) Battista further alleges that Travelers "is bound by the representation of its agent, Massad . . . acting within its scope of its authority, that the Plaintiff was covered for worker's compensation insurance for the period inter alia, September 2, 1998 through September 2, 1999 for worker's compensation claims." (Complaint, count three, ¶ 12.)
Travelers moves for summary judgment on the ground that Battista's worker's compensation insurance policy was not in effect on the date of Battista's employee's accident because the policy was canceled for non-payment on March 31, 1997. Travelers argues that the policy was canceled when Travelers sent Battista a renewal notice requiring a payment of $2,563 due on September 2, 1997, and Battista did not pay the amount. (Defendant's memorandum, p. 4.) Travelers's argument is supported by the affidavit of Mark M. Levine, managing counsel at Travelers. (Defendant's memorandum, Exhibit D.) The renewal notice requiring payment CT Page 12999 from Battista is also submitted in support of Travelers's argument. (Defendant's memorandum, Exhibit C.)
Travelers further moves for summary judgment on the ground that Massad was not an agent of Travelers because Battista was insured under an assigned risk policy. Travelers argues that because Battista was an assigned risk insured, Massad was the agent of Battista and not the agent of Travelers, thus Travelers is not vicariously liable for the acts of Massad. (Defendant's memorandum, p. 7.) Travelers submits Battista's response to a request for admission as evidence that Battista's policy was an assigned risk account. (Defendant's memorandum, Exhibit A.)
In opposition to Travelers's motion for summary judgment, Battista argues that the existence of Certificates of Insurance that were issued by Massad show that Massad was granted authority as an agent of Travelers to issue such certificates. The affidavit of Battista states that Massad "procured, through Aetna Casualty and Surety Company (now Travelers) worker's compensation insurance . . . for each policy and renewal thereof, Massad Agency, Inc. was held out by Aetna (now Travelers) as the Producer/Agent." (Affidavit of Matthew Battista, ¶ 5.) "I relied upon the representation of the producer, Massad Agency, Inc., for the insurance company (Aetna/Travelers) that said insurance was in full force and effect and obtained from Massad Agency, Inc., numerous Certificates of Insurance in the appropriate ACORD form evidencing that such insurance remained in full force and effect." (Affidavit of Matthew Battista, ¶ 7.) The affidavit further states that Massad "acting as producer and agent for the defendant Aetna (now Travelers), affirmatively represented to me and to others that the worker's compensation was in full force and effect for the period of 9/2/98 through 9/2/99," and that Massad "continued to furnish Certificates of Insurance . . . indicating that worker's compensation policy . . . was in full force and effect during the policy period 9/2/97 through . . . 9/2/99." (Affidavit of Matthew Battista, ¶¶ 13, 14.) Battista's argument is further supported by copies of the Certificates of Insurance for the periods from September 2, 1997 through September 2, 1999. The certificates indicate that Travelers (then known as Aetna) is the company affording coverage to Battista and that the producer is Massad.
The threshold issue is whether the defendant Massad, as an insurance broker, was acting as an agent for the defendant, Travelers, an insurer.[2] The existence of agency is a question of fact.Hallas v. Boehmke and Dobosz, Inc., 239 Conn. 658,674, 686 A.2d 491 (1997). Specifically, the question of whether Travelers gave Massad some semblance of authority[3] is a question of fact. Brinkley v. Prudential Ins. Co.,
Superior Court, judicial district of New Haven at New Haven, Docket No. 393316 (April 25, 2000, Devlin, J.); see also Custer v. Kurowski,
CT Page 13000 Superior Court, judicial district of New London at New London, Docket No. 543040 (January 29, 1999, Hurley, J.) (23 Conn.L.Rptr. 695) (summary judgment denied where the court found there was a question of fact as to whether doctors were ostensible agents of a hospital);Caldrello v. Gordon, Superior Court, judicial district of New London at New London, Docket No. 533626 (January 9, 1998, Hurley, J.) (summary judgment denied because there was a genuine issue as to whether or not an agency relationship existed).
"Whether an insurance broker represents the insurer or the insured is a question which cannot be answered absolutely, but which depends upon the circumstances of the particular case." 43 Am.Jur.2d, Insurance § 113 (1982). "[A]n agent can be an agent for both [the insured or insurer], depending on the circumstances." Peoples Savings Bank of New Britian v.T.R. Paul, Superior Court, judicial district of Hartford, Docket No. 571 700 (Jan. 27, 2000, Beach, J.), citing 43 Am.Jur.2d, Insurance § 111. "The question is one of fact to be determined from the evidence." 43 Am.Jur.2d, Insurance § 113 (1982). "Relevant factors include who contacted the agent, who pays the agent, who controls the agent's activities, and whose interest is protected by the agent." PeoplesSavings Bank of New Britian v. T.R. Paul, supra, Superior Court, Docket No. 571 700, citing 43 Am.Jur.2d, Insurance § 110.
Travelers relies on Welch v. Royal Indemnity Co., Superior Court, judicial district of Hartford-New Britian at Hartford, Docket No. 540463 (March 6, 1998, Teller, J.), where the court did not find an agency relationship between an insurance broker and an insurance company. Welch
states that "in the absence of statutory authority or some special indicia of authority the assigned risk broker is the agent of the insured and not of the insurer. . . ." (Citation omitted; internal quotation marks omitted.) Id. Battista argues that the Certificates of Insurance provide the necessary "indicia of authority" that is required by Welch.
 Conclusion
The Certificates of Insurance raise the inference that Massad acted as Travelers's agent, therefore, Travelers has failed to sustain its burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. Miles v. Foley, supra,253 Conn. 385. Viewing the evidence in the light most favorable to the nonmoving party, the pleadings and supporting documentation show that there exists a genuine issue of a material fact as to whether there was an agency relationship between Massad and Travelers. Therefore, Travelers's motion for summary judgment on count three of Battista's complaint is denied.
CT Page 13001 D. Michael Hurley, Judge Trial Referee