[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff, Yola Molostvov (Molostvov), brings this premises liability action against the defendants, Lafayette Associates Limited Partnership (Lafayette) and First Union National Bank (First Union)[1]
alleging negligence and recklessness on the part of the defendants arising out of an alleged assault against Molostvov in a parking garage elevator at One Lafayette Place (property) in Greenwich. Lafayette is the owner of the property and First Union is a tenant. In count three of the complaint, Molostvov alleges that First Union was in possession and control of the parking garage and therefore was responsible for the supervision and safety of the parking garage, and thus had a duty to exercise reasonable care in this regard and ultimately failed to do so. In count four, Molostvov alleges that First Union acted with a reckless disregard to others by failing to provide adequate security in the parking garage, despite having possession and control of the parking garage.
First Union moved for summary judgment as to counts three and four of Molostvov complaint on the ground that pursuant to the written lease between Lafayette and First Union, the area where the injury occurred was not part of the leased premises to First Union, but part of a common area under the control of Lafayette. First Union contends, therefore, that it is entitled to summary judgment as a matter of law as First Union did not exercise control of the parking garage elevator where Molostvov's injury took place.
A motion for summary judgment shall be granted "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Milesv. Foley, 253 Conn. 381, 385, 752 A.2d 503 (2000). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, CT Page 3026 entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Appleton v. Board of Education,254 Conn. 205, 209, 757 A.2d 1059 (2000).
As a preliminary matter, the court notes that Molostvov has not filed any memoranda, nor provided the court with any evidence or documentation, in opposition to First Union's motion. When a party moves for summary judgment "and there [are] no contradictory affidavits, the court properly [decides] the motion by looking only to the sufficiency of the [movant's] affidavits and other proof." Heyman Associates No. 1 v.Ins. Co. of Pennsylvania, 231 Conn. 756, 795, 653 A.2d 122 (1995). Thus, the court does not have to look beyond the sufficiency of First Union's evidence in this matter.
First Union argues that the parking garage elevator in question was not part of the premises leased to First Union, but rather, part of the common area under the control of Lafayette and that therefore, it is not liable to Molostvov as it did not have control of the area where the injury occurred. In support of its contention, First Union attached a copy of the lease between Lafayette and First Union to its memorandum of law.
"[U]nder the common law, landlords have a duty to use reasonable care to maintain in a reasonably safe condition those areas of their premises over which they exercise control." Gore v. People's Savings Bank,235 Conn. 360, 373, 665 A.2d 1341 (1995). "Liability for injuries caused by defective premises is not based upon title, but on possession and control." (Internal quotation marks omitted.) Hobart v. McDonald'sRestaurant of Connecticut, Superior Court, judicial district of New Haven at Meriden, Docket No. 263193 (July 19, 1999, Beach, J.); see also Ortizv. Aries Group, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 147384 (June 23, 1997, D'Andrea, J.) ("Liability for injuries due to defective premises is predicated upon possession and control of the premises, as opposed to mere ownership.") "It is the possession of land that imposes liability for injuries rather than the ownership of land . . . because the person in possession is in a position of control and is best able to prevent harm." (Internal quotation marks omitted.) Hobart v. McDonald's Restaurant of Connecticut, supra, Docket No. 263193.
"Whether control of the premises has been retained by the lessor is determined by examining the terms of the lease." Farrell v. McDonald'sCorp., Superior Court, judicial district of New Britain at New Britain, Docket No. 491505 (February 14, 2000, Graham, J.). "A lease is a contract and its construction presents a question of law for the court." SacharkoCT Page 3027v. Center Equities Ltd. Partnership, 2 Conn. App. 439, 445, 479 A.2d 1219
(1984). "When the language of a written lease is plain and unambiguous, it is not subject to interpretation or construction." Farrell v.McDonald's Corp., supra, Docket No. 491505. In the present case, under the clear and unambiguous language of the lease agreement, Lafayette was responsible for the maintenance and control of all public areas of the property, including the elevators. Consequently, First Union did not have possession and control of the parking garage elevator where the injury occurred and therefore, had no duty to Molostvov.
As there is no genuine issue of material fact as to First Union's lack of control of the parking garage elevator where Molostvov's injury occurred, First Union is entitled to summary judgment as a matter of law. See Farrell v. McDonald's Corp., supra, Docket No. 491505 (court granted summary judgment because defendant not in possession or control of premises at time of plaintiff's alleged injury); Hobart v. McDonald'sRestaurant of Connecticut, supra, Docket No. 263193 (same). Accordingly, First Union's motion for summary judgment is granted.
So Ordered.
D'ANDREA, JUDGE.