[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
This action arises out of a motor vehicle accident between the plaintiff, Kelsey Aldrich, and the defendant, Mario Reyes, which occurred on August 5, 1998. The plaintiff alleges that she was injured when a tractor-trailer truck, owned and operated by Reyes and insured by the defendant Landstar Inway, Inc., collided with the rear-end of her vehicle while she was stopped for traffic. In response to the plaintiff's allegations of negligence, the defendants assert that the plaintiff was negligent and that her claimed injuries and losses were caused by her own CT Page 5741-gv contributory negligence.
The plaintiff now moves for summary judgment as to liability only on the ground that there are no genuine issues of material fact in dispute with regard to the defendants' liability.
"[Slummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Milesv. Foley, 253 Conn. 381, 385, 752 A.2d 503 (2000). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Id., 386. "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citation omitted; internal quotation marks omitted.) Id.
In support of her claim that no genuine issue of material fact exists as to the defendants' liability, the plaintiff submitted the deposition transcript of Reyes, her own deposition transcript, a statement of a witness and the police report. The plaintiff relies upon portions of Reyes' testimony in which he testifies that the first time he saw the plaintiff's vehicle was after he hit her. (Plaintiff's Memorandum, Exhibit A, Reyes' Deposition, p. 41.) The plaintiff further relies upon Reyes' statements that he was unable to testify that the plaintiff made an unsafe lane change, stopped suddenly or decreased her speed, failed to give an appropriate signal, failed to keep a proper lookout, failed to keep her vehicle under reasonable and proper control or that she otherwise engaged in any negligent conduct.[1] (Plaintiff's Memorandum, Reyes' Deposition, pp. 53-55.) In addition, Reyes stated that his reason for thinking that the plaintiff cut him off was because his lane of traffic was the only traffic lane open at that time.[2]
(Plaintiff's Memorandum, Reyes' Deposition, p. 58.)
In her deposition, the plaintiff testified that she was stopped in traffic when Reyes rear-ended her and that she had been in the same lane for approximately twenty minutes. (Plaintiff's Memorandum, Exhibit B, Aldrich's Deposition, p. 15.) She further testified that the tractor-trailer truck pushed her vehicle approximately two hundred feet after the initial impact. (Plaintiff's Memorandum, Aldrich's Deposition, CT Page 5741-gw p. 26.) The plaintiff further provided the statement of Chris Langelier, a witness who observed the truck pushing the plaintiff's vehicle, who stated that he noticed "that a tractor-trailer was literally driving forward and pushing a passenger car as it continued westerly along the highway." (Plaintiff's Memorandum, Exhibit C.) Langelier also stated that he pulled up next to the cab of the truck in an attempt to attract the attention of the driver, and that the driver had been unaware "that he had struck and was pushing a car." (Plaintiff's Memorandum, Exhibit C.)
In response, the defendants argue that the deposition transcripts demonstrate that there are conflicting versions of the accident and that, therefore, a genuine issue of material fact exists. Specifically, the defendants claim that there is an issue as to whether the plaintiff entered Reyes' travel lane immediately prior to the accident. (Defendants' Memorandum, December 29, 2000, p. 3.) The defendants further contend that Langelier's statement cannot support the plaintiff's motion because, while Langelier saw the truck pushing the vehicle, he did not actually see the impact between the vehicles. The defendants submitted an affidavit of Reyes dated January 19, 2001. There is nothing in the affidavit, however, that suggests any negligence on the part of the plaintiff.[3]
In Nash v. Campbell, Superior Court, judicial district of New Britain, Docket No. 489967 (January 6, 1999, Robinson, J.), where summary judgment was granted on the issue of liability, the court found that there was no issue of material fact because the "defendant acknowledged striking the plaintiff's vehicle in the rear, while her car was stationary." Id. Similarly, in this action, the defendant has acknowledged striking the plaintiff's vehicle and does not deny pushing her car for some distance. Further, although the defendant alleges negligence on the part of the plaintiff, he has failed to articulate the factual basis for such a claim or present any evidence in support thereof.
"Although negligence actions are generally not well suited for summary judgments, this fact, alone, is insufficient to defeat the . . . [motion]." Nash v. Campbell, supra, Superior Court, Docket No. 489967. Since the defendants failed to produce any evidence to refute the plaintiff's claims of negligence or to support their claim of contributory negligence by the plaintiff, there are no genuine issues of material fact which would preclude summary judgment.
Accordingly, the court finds that no reasonable trier of fact could conclude either that the defendants were not negligent or that the plaintiff was negligent and, therefore, the plaintiff's motion for summary CT Page 5741-gx judgment on the issue of liability is granted.
Peck, J.