JESSE MILES, TRUSTEE *v.* DANIEL
A. FOLEY ET AL.
(SC 16210)

Borden, Norcott, Palmer, Sullivan and Vertefeuille, Js.

Argued March 15—officially released June 6, 2000

*Robert A. Fuller*, for the appellant (plaintiff).

*Michael J. Cacace*, with whom were *Ronald E. Kowalski II* and *Aamina Ahmad*, for the appellees (intervening defendant Phillip L. Knapp et al.).

*Opinion*

NORCOTT, J. The dispositive issue in this appeal is whether a planning and zoning commission's rejection of a subdivision application constitutes action within

the meaning of General Statutes § 8-26.[1] This is a mandamus action brought by the plaintiff, Jesse Miles, trustee, against the defendants, the New Canaan planning and zoning commission (commission), its former chairman, James H. Bennett, and the town planner, Daniel A. Foley, and the intervening defendants, Phillip L. Knapp, James Rae, Jane Delano and Warren Delano,[2] who own properties adjacent to and across the street from the property owned by the plaintiff. The plaintiff claims that he is entitled to mandamus because the commission's rejection of and subsequent refusal to process his subdivision application resulted in an automatic approval of the application as a matter of law under § 8-26. The

---

[1] General Statutes § 8-26 provides in relevant part: "All plans for subdivisions and resubdivisions . . . shall be submitted to the commission with an application in the form to be prescribed by it. . . . The commission shall approve, modify and approve, or disapprove any subdivision or resubdivision application or maps and plans submitted therewith . . . within the period of time permitted under section 8-26d. Notice of the decision of the commission shall be published in a newspaper having a substantial circulation in the municipality . . . within fifteen days after such decision has been rendered. . . . Such notice shall be a simple statement that such application was approved, modified and approved or disapproved, together with the date of such action. The failure of the commission to act thereon shall be considered as an approval, and a certificate to that effect shall be issued by the commission on demand. The grounds for its action shall be stated in the records of the commission. No planning commission shall be required to consider an application for approval of a subdivision plan while another application for subdivision of the same or substantially the same parcel is pending before the commission. For the purposes of this section, an application is not 'pending before the commission' if the commission has rendered a decision with respect to such application and such decision has been appealed to the Superior Court. If an application involves land regulated as an inland wetland or watercourse under the provisions of chapter 440, the applicant shall submit an application to the agency responsible for administration of the inland wetlands regulations no later than the day the application is filed for the subdivision or resubdivision. The commission shall not render a decision until the inland wetlands agency has submitted a report with its final decision to such commission. In making its decision the commission shall give due consideration to the report of the inland wetlands agency. . . ."

[2] Throughout this opinion, the municipal defendants and the intervening defendants will be referred to collectively as the defendants.

trial court, *Mintz, J.*, concluded that the commission's rejection of the plaintiff's application constituted action within the meaning of § 8-26 and that, therefore, the automatic approval doctrine of § 8-26 was inapplicable. The trial court further determined that an administrative appeal was the proper remedy for the plaintiff, not an action in mandamus.

The Appellate Court affirmed the trial court's judgment. *Miles* v. *Foley*, 54 Conn. App. 645, 647, 736 A.2d 180 (1999). We granted the plaintiff's amended order for petition for certification to appeal limited to the following issue: "Did the Appellate Court properly conclude that the plaintiff was not entitled to a judgment of mandamus that the defendant commission approve the plaintiff's subdivision?" *Miles* v. *Foley*, 251 Conn. 925, 739 A.2d 1248 (1999). We affirm the judgment of the Appellate Court.

The following facts, as set forth by the Appellate Court, are relevant to this appeal. "On May 20, 1996, the plaintiff's agent delivered a subdivision application to the commission in accordance with § 8-26. The following day, at the regular commission meeting, the commission discussed the plaintiff's proposed subdivision application and unanimously voted to reject the application because it was premature.[3] On August 8, 1996, the plaintiff's attorney sent a letter to the commission demanding that it issue a certificate of approval pursuant to § 8-26 because more than sixty-five days [had] passed. When the commission refused this demand, the plaintiff brought a mandamus action.

---

[3] "The commission noted that the subdivision property 'had recently been the subject of a hearing before the environmental commission, and that their decision had been appealed to the Superior Court.' Thereafter, the commission 'unanimously voted to reject the application since it is premature, and if a zoning permit were requested upon approval of such a subdivision, it would be denied under § 60-3.12.A. (2)' of the New Canaan zoning regulations." *Miles* v. *Foley*, supra, 54 Conn. App. 647–48 n.4.

"Subsequently, the plaintiff moved for summary judgment claiming that 'there is no genuine issue of material fact and that the plaintiff is entitled to a judgment of mandamus as a matter of law.' The defendants also moved for summary judgment claiming that a writ of mandamus cannot be granted where the party does not have a clear right to have the duty performed.

"On July 7, 1997, the trial court issued an order denying the plaintiff's motion for summary judgment and granting the defendants' motions for summary judgment. The reason that the trial court denied the plaintiff's motion for summary judgment was that it found that the vote of the commission rejecting the plaintiff's subdivision application was action within the meaning of § 8-26, as interpreted by the Supreme Court in *Winchester Woods Associates* v. *Planning & Zoning Commission*, 219 Conn. 303, 311–12, 592 A.2d 953 (1991). Therefore, the trial court reasoned that the rejection precluded the automatic approval of the subdivision application. The trial court granted the defendants' motions for summary judgment because the plaintiff failed to demonstrate that the commission did not act within sixty-five days, as required for automatic approval pursuant to § 8-26 and, therefore, the trial court reasoned that the mandamus action did not lie." *Miles* v. *Foley*, supra, 54 Conn. App. 647–48.

I

We begin with the appropriate standard of review. "The standards governing our review of a trial court's decision to grant a motion for summary judgment are well established. Practice Book § 384 [now § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . *Miller* v. *United*

*Technologies Corp.*, 233 Conn. 732, 744–45, 660 A.2d 810 (1995). In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Id., 745. The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law; *D.H.R. Construction Co.* v. *Donnelly*, 180 Conn. 430, 434, 429 A.2d 908 (1980); and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . . *Suarez* v. *Dickmont Plastics Corp.*, 229 Conn. 99, 105, 639 A.2d 507 (1994). . . . *Hertz Corp.* v. *Federal Ins. Co.*, 245 Conn. 374, 380–81, 713 A.2d 820 (1998)." (Citation omitted; internal quotation marks omitted.) *Witt* v. *St. Vincent's Medical Center*, 252 Conn. 363, 368, 746 A.2d 753 (2000).

## II

The plaintiff claims that the trial court improperly concluded that he was not entitled to a judgment of mandamus. He argues that the commission's rejection of the subdivision application does not constitute action within the meaning of § 8-26 and, therefore, the commission failed to act within the statutorily prescribed sixty-five day time limit of General Statutes § 8-26d (b).[4] The plaintiff claims that, as a result, mandamus lies because the automatic approval of § 8-26 has been activated. The plaintiff argues that § 8-26 specifically limits the action of the commission to "approve, modify and approve, or disapprove" an application.

The defendants argue that our holding in *Winchester Woods Associates* v. *Planning & Zoning Commission*,

---

[4] General Statutes § 8-26d (b) provides in relevant part: "A decision on an application for subdivision approval, on which no hearing is held, shall be rendered within sixty-five days after receipt of such application. . . ."

supra, 219 Conn. 303, is determinative of this issue and that the commission's unanimous vote to reject the application does constitute action pursuant to § 8-26. Consequently, the defendants claim, the automatic approval of § 8-26 is not applicable and the plaintiff is not entitled to a judgment of mandamus. We agree with the defendants.

In *Winchester Woods Associates* v. *Planning & Zoning Commission,* supra, 219 Conn. 305, this court considered whether a plaintiff applicant was entitled to automatic approval when the defendant commission had voted not to accept the application because an appeal of the commission's denial of the same, earlier submitted application was still pending in Superior Court. We concluded that the plaintiff was not entitled to automatic approval because the commission had acted within the sixty-five day time period prescribed by § 8-26 by its vote not to accept the plaintiff's application. Id., 313–14. "Under §§ 8-26 and 8-26d (b), the failure of the commission to 'approve, modify and approve, or disapprove' a subdivision or resubdivision application, on which no hearing is held, within sixty-five days after receipt of such application results in the sanction of automatic approval. See *Merlo* v. *Planning & Zoning Commission,* 196 Conn. 676, 682, 495 A.2d 268 (1985). Section 8-26d (c) defines the day of receipt of an application as 'the day of the next regularly scheduled meeting of such commission . . . immediately following the day of submission to such . . . commission . . . or thirty-five days after submission, whichever is sooner.' " *Winchester Woods Associates* v. *Planning & Zoning Commission,* supra, 312.

In *Winchester Woods Associates,* the commission had voted not to accept the plaintiff's application because, it claimed, "this was the second application on the same piece of property, the first application was pending in litigation and the commission wished to preclude the

automatic approval of the second application due to lack of action within the sixty-five day period." Id., 313. We determined that the commission had failed to consider whether the second application differed in any substantive way from the application that had been submitted earlier and was now the subject of the pending appeal. Id. Accordingly, we concluded that "[t]he commission's vote not to accept the plaintiff's application at its June meeting, although based upon an incomplete examination of the factors to be considered in the exercise of its discretion and therefore an abuse of that discretion, was nevertheless an action by the commission." Id.

We conclude that *Winchester Woods Associates* is dispositive of the present case. Here, there is no dispute that the plaintiff's subdivision application was delivered to the commission on May 20, 1996, and that it was discussed at the commission's next regularly scheduled meeting on May 21, 1996. At that meeting, the commission unanimously voted to reject the application. As in *Winchester Woods Associates*, the substance of the commission's conduct here is irrelevant. What is relevant is that there *was* conduct. In *Winchester Woods Associates*, we concluded that the commission's *action*—although erroneous in that it was an abuse of the commission's discretion—was, indeed, *action* that, for the purposes of § 8-26, precluded automatic approval. Id.[5]

---

[5] We reject the plaintiff's argument that subsequent revision to § 8-26 has served to negate our holding in *Winchester Woods Associates*. Public Acts 1992, No. 92-191, the legislative revision in question, focused only on the commission's obligation to consider an application while a similar or identical application was already pending before the commission and not whether certain decisions by the commission constituted "action" for the purposes of § 8-26. As the legislative history of Public Act 92-191 reveals, "[t]his bill is dealing with zoning statutes of your municipalities. For all subdivision. And what it says is that if somebody doesn't like the decision of the zoning authority and they take it to court, while it is waiting to be processed in the court system, they can take and file another application for a different subdivision. And I guess they could do that over and over again. That is

The purpose of § 8-26 is to ensure expeditious action on the part of municipal planning commissions. "It is the 'failure of the commission to *act*' upon an application within the time provided that results in approval by operation of law under § 8-26. . . . We have ascertained that '[t]he obvious intention of the legislature in using this language was to ensure prompt and expeditious action on subdivision applications for the protection of the subdivider.' *Finn* v. *Planning & Zoning Commission*, [156 Conn. 540, 544, 244 A.2d 391 (1968)]. We have also observed that this statutory purpose 'will best be facilitated if subdivision applicants know with certainty that a definite course of statutory action has been taken by a commission, *setting in motion clear avenues of appeal.*' *Carpenter* v. *Planning & Zoning Commission*, [176 Conn. 581, 597, 409 A.2d 1029 (1979)]." (Emphasis altered.) *Merlo* v. *Planning & Zoning Commission*, supra, 196 Conn. 683–84.

In *Merlo*, we concluded that the commission had acted in accordance with § 8-26 when, at its regularly scheduled meeting, it moved to approve the plaintiff's application subject to three stipulations. Id., 679. After the ensuing discussion, the motion was disapproved. A legal notice was later published stating that the " 'motion to approve FAILED TO CARRY: Therefore this application was DENIED.' " Id. We reversed the judgment of the Appellate Court, concluding that "the defeat of the motion to approve the application subject to the stipulations proposed by the movant constituted 'disapproval' of the application within the intent of the statute." Id., 682. Our focus in *Merlo* properly was on the action of the commission, not the specific nature of that action. Our focus here is similarly placed.

what this file copy is all about. It is only three or four lines. That is what it says. Before the process is complete, you can have another bite, or a couple of bites, maybe three bites of the apple." 35 H.R. Proc., Pt. 9, 1992 Sess., p. 2846, remarks of Representative Richard O. Belden.

We conclude that, because the purpose of § 8-26 is to expedite the application process for the subdivider and to ensure that the applicant knows the status of his or her application as quickly as possible; see id., 683–84; the commission's action to reject the application fulfills that purpose. *Winchester Woods Associates* v. *Planning & Zoning Commission*, supra, 219 Conn. 303, is consistent with this conclusion. It does not follow, as the plaintiff and the dissenting opinion of the Appellate Court assert, that since "§ 8-26 did not prohibit the commission from reaching the merits of the plaintiff's subdivision application despite the pending appeal," that the commission is then required to reach the merits of the application. *Miles* v. *Foley*, supra, 54 Conn. App. 661 (*Lavery, J.*, dissenting). What is required, pursuant to § 8-26, is expeditious action on the part of the commission to enable the applicant to know the status of an application in a timely manner. That was satisfied here.

As we indicated in *Winchester Woods Associates* v. *Planning & Zoning Commission*, supra, 219 Conn. 313, it is possible for the commission's action to satisfy § 8-26 and still be void as an abuse of the commission's discretion. In the present case, we need not reach the issue of whether the commission's action was an abuse of its discretion. The only certified issue before us is whether the commission's response constituted action within the meaning of § 8-26. Because we conclude that it does, the automatic approval doctrine of § 8-26 is not activated.

### III

We now turn to the question of whether mandamus is an appropriate remedy. Since we have concluded that the automatic approval of § 8-26 is inapplicable in the present case, it is clear that a writ of mandamus does not lie.

"Mandamus is an extraordinary remedy, available in limited circumstances for limited purposes. . . . It is fundamental that the issuance of the writ rests in the discretion of the court, not an arbitrary discretion exercised as a result of caprice but a sound discretion exercised in accordance with recognized principles of law. . . . That discretion will be exercised in favor of issuing the writ only where the plaintiff has a clear legal right to have done that which he seeks. . . . The writ is proper only when (1) the law imposes on the party against whom the writ would run a duty the performance of which is mandatory and not discretionary; (2) the party applying for the writ has a clear legal right to have the duty performed; and (3) there is no other specific adequate remedy." (Citations omitted; internal quotation marks omitted.) *Miles* v. *Foley*, supra, 54 Conn. App. 653.

As the Appellate Court correctly concluded, there was no approval of the plaintiff's subdivision application pursuant to the automatic approval doctrine of § 8-26. Therefore, the plaintiff is not entitled to "a clear legal right to have the duty performed . . . ." (Internal quotation marks omitted.) Id. Without the satisfaction of this crucial prong, the extraordinary writ of mandamus was not compelled.

The plaintiff would have been entitled to an administrative appeal of the commission's decision not to process the application. The plaintiff's argument that "an appeal would be a meaningless and time consuming round trip from the [c]ommission to the Superior Court and back, as opposed to the effective and expeditious remedy of mandamus" is neither a compelling argument in favor of mandamus, nor an argument challenging the appropriateness of an appeal. If such an appeal had been timely and the Superior Court considered the *action* of the commission to be improper, it would have indeed returned the application to the commission with

orders to process it differently. It is that very *action*, however, appealable to the Superior Court, that precludes the automatic approval of § 8-26 and the writ of mandamus sought by the plaintiff. Accordingly, it is the appellate process that is the appropriate and effective vehicle for the plaintiff.

The judgment of the Appellate Court is affirmed.

In this opinion the other justices concurred.