[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Leo Gucciardi, filed a complaint consisting of three counts on March 2, 1999 against the defendants, Frank and Antoinette Gucciardi, alleging breach of contract, quantum meruit and unjust enrichment.
In his complaint, the plaintiff alleges that he entered into an oral contract with the defendants for the construction of a house in Massachusetts on a parcel of land owned by the defendants. The plaintiff further alleges that the oral agreement provided that the property would be sold after construction and that the plaintiff would be paid for labor and services from the proceeds of the sale. Additionally, the plaintiff alleges that the agreement also provided that the plaintiff would receive forty percent of the net proceeds from the sale. The plaintiff alleges that the property was never sold and all requests for payment have been denied.
The defendant, Frank Gucciardi, has filed a motion for summary judgment arguing that laches and the statute of limitations bars the plaintiff's cause of action. On December 28, 2000, the plaintiff filed an objection to the defendant's motion for summary judgment arguing that the statute of limitations does not bar the plaintiff's claim because the cause of action did not accrue until the property was to be sold. The plaintiff also argues that laches is not applicable because the defendant has not been prejudiced.
 DISCUSSION
"Summary judgment shall be rendered forthwith if the pleadings, CT Page 4076 affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Doucette v.Pomes, 247 Conn. 442, 452, 724 A.2d 481 (1999). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Miles v. Foley, 253 Conn. 381, 386,752 A.2d 503 (2000).
Based on the affidavits submitted, there is a genuine issue of material fact as to whether the statute of limitations has even begun to run on this claim. In fact, given that both parties agree that the property has never been sold and that the proceeds were not owed until the property was sold, it appears questionable whether there has even been a breach of the alleged contract. However, based on the issues that have been presented to the court in the Motion for Summary Judgment, Summary Judgment must be denied.
CHASE T. ROGERS, J.