[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #153
 FACTS
The plaintiff, Bonita Day, initiated this action on February 26, 1998 against the defendants, Peter J. Sheehan, Steven Manzone,[1] Main Street Architects, Inc. and Ralph K. Cappola.[2] In her complaint, the plaintiff alleges that on March 11, 1996, Sheehan, doing business as CPE Electric, serviced and repaired a ceiling fan with lighting at the Ground Round Restaurant in Rocky Hill. The plaintiff further alleges that on March 12, 1996, the ceiling fan fell from the ceiling and landed on her causing her to sustain serious injuries. In the first three counts of her four-count complaint, the plaintiff alleges negligence, breach of contract and res ipsa loquitur, respectively, against both Sheehan and Steven Manzone. The plaintiff seeks money damages for injuries she sustained as a result of Sheehan's actions.
On December 6, 2000, Sheehan filed a motion for summary judgment as to counts two and three only.
 DISCUSSION
"Summary judgment shall be rendered forthwith if the pleadings, CT Page 6502 affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Doucette v.Pomes, 247 Conn. 442, 452, 724 A.2d 481 (1999). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Miles v. Foley, 253 Conn. 381, 386,752 A.2d 503 (2000).
In his motion for summary judgment, Sheehan argues that the court should grant summary judgment as to the plaintiff's claim of breach of contract because there is no privity of contract between Sheehan and the plaintiff. Generally, "[a] third party beneficiary may enforce a contractual obligation without being in privity with the actual parties to the contract." Gateway Co. v. DiNoia, 232 Conn. 223, 230, 654 A.2d 342
(1995). "Therefore, a third party beneficiary who is not a named obligee in a given contract may sue the obligor for breach." Id., 230-31. Our courts have recognized that "[t]he ultimate test to be applied [in determining whether a person has a right of action as a third party beneficiary] is whether the intent of the parties to the contract was that the promisor should assume a direct obligation to the third party [beneficiary] and . . . that intent is to be determined from the terms of the contract read in the light of the circumstances attending its making, including the motives and purposes of the parties. . . . Although we explained that it is not in all instances necessary that there be express language in the contract creating a direct obligation to the claimed third party beneficiary . . . we emphasized that the only way a contract could create a direct obligation between a promisor and a third party beneficiary would have to be, under our rule, because the parties to the contract so intended." (Citation omitted; internal quotation marks omitted.) Gazo v. Stamford, 255 Conn. 245, 261, 765 A.2d 505 (2001).
The court's rationale of requiring that all parties to a contract intend to "confer enforceable rights in a third party" is because "each party to a contract is entitled to know the scope of his or her obligations thereunder." (Internal quotation marks omitted.) Id. "Rooting the range of potential third parties in the intention of both parties, rather than in the intent of just one of the parties, is a sensible way of minimizing the risk that a contracting party will be held liable to one whom he neither knew, nor legitimately could be held to know, would ultimately be his contract obligee." (Internal quotation marks omitted.) CT Page 6503 Id., 262.
In her complaint, the plaintiff fails to allege whether she was an employee or a customer of the Ground Round on the date of the alleged incident.[3] Along with his motion for summary judgment, Sheehan submitted an affidavit in which states that he "entered into an oral agreement with the Ground Round Restaurant to perform requested electrical repairs. . . ." (Sheehan affidavit, ¶ 3.) Sheehan also states that "[w]hile working on [the] job, the manager of the Ground Round Restaurant . . . asked [him] to examine the light to a ceiling fan because the light was not working." (Sheehan affidavit, ¶ 3.) In his affidavit, Sheehan states that he "never entered into any contract with the plaintiff" and that he "never intended the plaintiff . . . to be a third party beneficiary of this contract and [he] did not have any dealings with her." (Sheehan affidavit, ¶ 4.)
Because the plaintiff has failed to specifically allege that she is a third party beneficiary or submit any evidence that would support such a theory, there are no genuine issues of material fact as to whether the parties to the oral agreement intended to assume a direct obligation to the plaintiff. Gazo v. Stamford, supra, 255 Conn. 261. According to Sheehan's affidavit, the purpose of the agreement was to check the light in the ceiling fan, not to enter into an agreement for the benefit of the restaurant's customers and employees. Plaintiff's conclusory statement in her brief that she would benefit from the repaired light is insufficient to create a genuine issue of material fact.
In light of the foregoing, there are no genuine issues of material fact as to whether the plaintiff was an intended third party beneficiary. Sheehan's motion for summary judgment as to count two is granted.
Sheehan also argues that count three of the plaintiff's complaint fails to allege an independent cause of action because the doctrine of res ipsa loquitur is a rule of evidence, not an independent cause of action from which the plaintiff may recover damages. In a pretrial hearing on Sheehan's motion, the plaintiff argued that the proper vehicle to dispose of count three would be a motion to strike and not a motion for summary judgment.
Generally, "[t]he doctrine of res ipsa loquitur . . . permits a jury to infer negligence when no direct evidence of negligence has been introduced. . . . The doctrine of res ipsa loquitur applies only when two prerequisites are satisfied. First, the situation, condition or apparatus causing the injury must be such that in the ordinary course of events no injury would have occurred unless someone had been negligent. Second, at the time of the injury, both inspection and operation must have been in CT Page 6504 the control of the party charged with neglect." (Internal quotation marks omitted.) Godwin v. Danbury Eye Physicians Surgeons, P.C., 254 Conn. 131,140, 757 A.2d 516 (2000). The doctrine of res ipsa loquitur, however, "is a rule of circumstantial evidence that is designed to allow the inference of negligence and is not an independent cause of action." Gilliam v.Thomas, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 324686 (November 20, 1997, Melville, J.) "Res ipsa is not a cause of action separate from negligence; it is instead one of the ways to establish negligence." Block v. Kostecki, Superior Court, judicial district of Waterbury, Docket No. 141096 (May 11, 1998, Vertefeuille, J.) (22 Conn.L.Rptr. 71).
While a motion to strike is generally the proper means to challenge the legal sufficiency of a complaint; Peter-Michael, Inc. v. Sea ShellAssociates, 244 Conn. 269, 270-71, 709 A.2d 558 (1999); the standards governing motions for summary judgment are applicable here because Sheehan has submitted a motion for summary judgment instead of a motion to strike. The issue, therefore, is not whether count three is legally sufficient, but rather, whether count three contains genuine issues of material fact.
Under the standard for granting a motion for summary judgment, a "material fact" is defined as "a fact that will make a difference in the result of the case." (Internal quotation marks omitted.) MountaindaleCondominium Assn., Inc. v. Zappone, 59 Conn. App. 311, 315, 757 A.2d 608, cert. denied, 254 Conn. 947, 762 A.2d 903 (2000). While the plaintiff has properly alleged the elements of res ipsa loquitur in the third count of her complaint, and while Sheehan has failed to controvert such allegations through documentary evidence, there are no issues of material fact because under any set of facts, the plaintiff has failed to allege a valid cause of action. More specifically, even though there are facts in issue as to whether Sheehan was negligent, or as to whether he was in control of the ceiling fan at the time of the incident, such facts are not material, because the plaintiff could succeed on the merits of an improperly plead cause of action. Because there are no genuine issues of material fact, Sheehan's motion for summary judgment as to the third count of the plaintiff's complaint is granted.
ROGERS, J.