[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter is before the court on a Motion for Summary Judgment brought by the defendant, OG Industries, Inc. This action arises out of a slip and fall at a renovation project at Torrington Elementary School, now called the Vogel Whetmore Elementary School, in Torrington. The plaintiff, David Roy, commenced a negligence action against the city of Torrington, the Torrington board of education, Grasso Construction and OG Industries, Inc. (OG). In a four count complaint, the plaintiff CT Page 6426 alleges that he slipped and fell on a snowy and icy walkway while performing construction at the school. The second count alleges negligence against OG, alleging that it failed to care for and maintain the walkway where the plaintiff allegedly fell. OG now moves for summary judgment on that count on the ground that OG owed no duty to the plaintiff to repair and maintain the walkway.
"Practice Book . . . § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Brackets omitted.) Miles v. Foley, 253 Conn. 381, 385, 752 A.2d 503
(2000). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue of material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Brackets omitted; citations omitted.) Id., 386.
The city of Torrington contracted with OG to act as construction manager for the renovation of the school. On March 29, 1999, the city of Torrington's motion for summary judgment was granted by the court on the ground that, under General Statutes § 10-220,[1] the city was not in control or responsible for the maintenance of the location where the plaintiff fell. OG now also argues that because § 10-220 places maintenance responsibility on the board of education and OG did not contract with the board to remove ice or snow from the construction site, it should prevail on its motion on the same grounds as did the city of Torrington.
The court, however, finds that there are genuine issues of material fact as to whether OG owed the plaintiff any duty as construction manager of the renovation. First, it is unclear whether OG had a responsibility under the contract to maintain the actual construction site inside the school and, if so, whether the walkway where the plaintiff fell was part of that site.[2] Furthermore, the court cannot determine OG's duties and responsibilities under the contract without any reference to the contract by either of the parties.[3]
Accordingly, for the foregoing reasons, OG's motion for summary judgment is denied.
Matasavage, J. CT Page 6427