[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#109)
 FACTS
On May 16, 1999, the plaintiff, Jason Delorge, was injured when the motorcycle he was riding on was involved in an accident. As a result of the accident, the plaintiff suffered multiple injuries.
There is no dispute that the plaintiff is eligible to receive benefits under the uninsured motorist protection provided in his parents[1]
insurance policy with the defendant, Hartford Insurance Company of the Midwest. The terms of the insurance policy provide $100,000 per person and $300,000 per accident liability coverage. The policy additionally provides $20,000 per person and $40,000 per accident uninsured motorist protection. To date, the defendant has paid $20,000 under the uninsured motorist portion of the policy to the plaintiff.
On July 21, 2000, the plaintiff filed a three count amended complaint. In count one, the plaintiff alleges that the insureds did not elect to decrease their uninsured motorist protection from limits equal to their liability coverage. In count two, the plaintiff alleges that the defendant breached its duty to the plaintiff when it failed to exercise reasonable care, skill and diligence in issuing an insurance policy to the insured that included uninsured motorist protection less than the policy's liability protection. In the third count, the plaintiff alleges that the contract should be reformed to provide uninsured motorist protection in the amounts of $100,000 per person and $300,000 per accident coverage. CT Page 7010
On October 20, 2000, the defendant filed a motion for summary judgment and a memorandum of law. In support of its motion, the defendant filed a certified copy of the form the insureds filled out to elect the amount of uninsured motorist protection provided in the policy. (Defendant's Exhibit, A.) On February 13, 2001, the plaintiff filed a memorandum of law in opposition to the defendant's motion. On February 27, 2001, oral argument was heard on the defendant's motion.
 DISCUSSION
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding on a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts, which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. . . . (Citations omitted; internal quotation marks omitted.) Appleton v. Board of Education254 Conn. 205, 209, 757 A.2d 1059 (2000). "[T]he party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a material fact." Miles v. Foley 253 Conn. 381, 386,752 A.2d 503 (2000).
Count one
Count one of the complaint essentially alleges that the insureds did not make an effective election to decrease their uninsured motorist protection pursuant to General Statutes § 38a-336 (a)(1)[2] and (2)[3] and, therefore, the insureds' uninsured motorist protection should equal the limits of their liability coverage. The defendant moves for summary judgment on count one on the ground the insureds made an effective election for lesser uninsured motorist protection on the form it provided to the insureds, which complies with § 38a-336 (a)(1) and (2) as a matter of law.
A review of the election form, submitted by the defendant in support of its motion for summary judgment reveals an ambiguity in the insureds' elections. (Defendant's Exhibit A.) For example, the form provides "[y]ou may select either a Standard UM/UDM option or a UDM Conversion Coverage option, but not both. If you do not indicate your selection and sign Part 2, Section 3 for Uninsured Motorist Coverage, Standard Uninsured/Underinsured Motorist Coverage (not Uninsured/Underinsured Motorist Coversion Coverage) will be included in your policy at limits CT Page 7011 equal to your Bodily Injury Liability limits. Please make your coverage selection or indicate your coverage change by placing and "x" in the box(es) below." (Defendant's Exhibit A, p. 6.) The form then provides "I accept Standard Uninsured/Underinsured Motorist Coverage as indicated in Part 1 Select Below." (Defendant's Exhibit A, p. 6.) The insureds selected this box.
The form, however, goes on to offer the insureds two options to alter their uninsured motorist protection from limits equal to their liability coverage. These options provide: 1) "I reject Uninsured/Underinsured Motorist (UM/UDM) Coverage limit equal to my Bodily Injury Liability limit and select a lower Uninsured/Underinsured Motorist Coverage limit. (Please select one limit below.)" (Defendant's Exhibit A, p. 6.); and 2) "I select a higher Uninsured/Underinsured Motorist (UM/UDM) Coverage Limit, up to twice my Bodiliy Injury Liability Limit. (Please select one limit below.)" (Defendant's Exhibit A, p. 6.) While the insureds selected neither of these boxes, they did select uninsured/underinsured motorist protection in the amount of $20,000 and $40,000 at the end of the page. The intent of the insureds to actually limit their coverage is, therefore, unclear. (Defendant's Exhibit A, p. 6.)
Our Supreme Court has held "that issues of motive, intent and good faith are not properly resolved on a motion for summary judgment. WadiaEnterprises, Inc. v. Hirschfeld, 224 Conn. 240, 250, 618 A.2d 506
(1992). "The summary judgment rule would be rendered sterile, however, if the mere incantation of intent or state of mind would operate as a talisman to defeat an otherwise valid motion. Indeed, the salutary purposes of summary judgment — avoiding protracted, expensive and harassing trials — apply no less to [uninsured motorist protection] cases than to commercial or other areas of litigation. . . . Our Supreme Court has held that even with respect to questions of motive, intent and good faith, the party opposing summary judgment must present a factual predicate for his argument in order to raise a genuine issue of fact." (Citations omitted; internal quotation marks omitted.) Reynolds v.Chrysler First Commerical Corp., 40 Conn. App. 725, 731-32, 673 A.2d 573
(1996). As the insureds have raised a genuine issue of material fact regarding their intention to select lower uninsured motorist protection based on the selections they made on the defendant's form, the defendant's motion for summary judgment on this ground is denied.
Count two
In count two, the plaintiff alleges that the defendant breached its duty when it issued an insurance policy to the insureds with uninsured motorist protection less than the insureds' liability coverage because the defendant failed to exercise reasonable care, skill and diligence. CT Page 7012 The defendant moves for summary judgment on count two on the grounds that it did not have a duty to inform the insureds of its coverage options beyond supplying the insureds with a form which met the requirements of General Statutes § 38a-336 (a)(1) and (2). The defendant argues that because the form it supplied the insureds for an election of lower uninsured motorist protection complies with § 38a-336 (a)(1) and (2), it has fulfilled its duty to the insu reds as a matter of law.
The plaintiff argues that the defendant's motion for summary judgment should be denied because a material issue of fact exist as to whether the defendant has breached its statutory duty to the plaintiff. Specifically, the plaintiff argues that the defendant failed to get the insured informed consent to decrease their uninsured motorist protection and therefore, the policy the defendant issued to the insureds violates the requirements of General Statutes § 38a-336 (a)(1) and (2).
Our Supreme Court has held that "[a]s offeror [the carrier] had no contractual duty voluntarily to explain the terms of its offer or the advantages and disadvantages to procuring uninsured motorist coverage." (Emphasis in original.) Harlach v. Metropolitan Property LiabilityIns. Co. 221 Conn. 185, 190, 602 A.2d 1007 (1992). As the defendant contends, therefore, the insurance company has no duty to explain the advantages or disadvantages of uninsured motorist protection to the insureds. The defendant also had no duty to recommend coverage to the insureds based on their particular financial situation.
This does not, however, mean that the defendant did not have a duty to ensure that the election for lesser uninsured motorist protection made by the insureds was clear and unambiguous prior to issuing a policy to the insureds with uninsured motorist protection less than the insureds liability coverage. The intent of the legislature in adopting General Statutes § 38a-336 (a)(2) was to insure "that the decision to reduce uninsured motorist coverage by consumers be an informed one." NationwideMutual Ins. Co. v. Pasion 219 Conn. 764, 771, 594 A.2d 468 (1991). Indeed our Supreme Court addressing the statute, then § 38-175c, now §38a-336, held that "[w]e have no doubt that the General Assembly contemplated that an insured should make a purposeful and knowing decision to request a lesser amount of [uninsured motorist] coverage."Travelers Indemnity Co. v. Malec 215 Conn. 399, 403, 576 A.2d 485
(1990).
As previously discussed, it is unclear from the election form the insureds submitted to the defendant whether the insureds intended to elect lower uninsured motorist benefits. Whether the election made by the insureds rises to the level of a purposeful and knowing waiver is a material issue of fact. Therefore, whether the defendant breached its CT Page 7013 duty under General Statutes § 38a-336 (a)(1) and (2), by issuing a policy to the insureds with uninsured motorist protection less than the amount of the insureds liability coverage is a question of fact. The defendant's motion for summary judgment on count two is, therefore, denied.
Count three
The third count alleges two different legal theories for contract reformation. First the plaintiff alleges that it did not make an effective election for lower uninsured motorist benefits, pursuant to General Statutes § 38a-336 (a)(1) and (2), requiring reformation of the contract. Second, the plaintiff alleges that, due to unilateral mistake accompanied by fraud or inequitable conduct, the defendant issued an insurance policy to the insureds with uninsured motorist protection limits less than the amounts of the insureds' liability protection, requiring reformation of the contract.
The defendant moves for summary judgment on count three on two grounds. First, the defendant argues that the form it supplied to the insureds conformed with the requirements of § 38a-336 (a)(1) and (2); therefore, the insureds made an effective election for decreased protection and the contract is not subject to reformation. Secondly, the defendant argues that the amended complaint fails to allege sufficient acts of fraud or inequitable conduct to require reformation of the policy to support either of the plaintiff's claims for relief.
The plaintiff argues that the defendant's motion for summary judgment, as to the plaintiff's first theory of relief, should be denied. Specifically, the plaintiff argues that material issues of fact exist as to whether the insureds made an effective election for lesser uninsured motorist protection pursuant to General Statutes § 38a-336 (a)(1) and (2). In support of this argument, the plaintiff points out the inconsistent coverage elections the insureds made on the form supplied by the defendant.
"[R]eformation is . . . available in equity when the instrument does not express the true intent of the parties owing to mistake of one party coupled with fraud, actual or constructive, or inequitable conduct on the part of the other." Harlach v. Metropolitan Property Liability Ins.,
supra, 221 Conn. 191. "Reformation is not granted for the purpose of alleviating a hard or oppressive bargain, but rather to restate the intended terms of an agreement when the writing that memorializes that agreement is at variance with the intent of both parties . . . (Internal quotation marks omitted.) Lopinto v. Haines 185 Conn. 527, 532,441 A.2d 151 (1981). CT Page 7014
As this court has previously stated, when ruling on the defendant's motion to strike, General Statutes § 38a-336 (a)(1) and (2) requires the court to reform the contract, to include uninsured motorist protection equal to the amount of liability insurance coverage carried under the policy, if the insureds have failed to make an effective election for lesser uninsured motorist protection. Delorge v. HartfordInsurance Company Superior Court, judicial district of New London at Norwich, Docket No. 120204 (November 1, 2000, Corradino, J.). Reformation is necessary because General Statutes § 38a-336 (a)(2) provides that "each automobile liability insurance policy issued or renewed on and after January 1, 1994, shall provide uninsured and underinsured motorist coverage with limits for bodily injury and death equal to those purchased to protect against loss resulting from the liability imposed by law unless any named insured request in writing a lesser amount.
As previously stated, the insureds elections on the form they submitted to the defendant are unclear. Therefore, a material issue of fact exist as to whether the insureds intended to decrease their uninsured motorist protection. The defendant's motion for summary judgment on the ground the insureds made an effective election for decreased coverage is, therefore, denied.
The defendant also moves for summary judgment on the plaintiff's second theory of relief within count three on the ground the complaint fails to allege sufficient acts of fraud or inequitable conduct on the part of the defendant to require reformation of the policy. The plaintiff argues that the defendant purposefully ignored the insureds' ambiguous elections on the form and provided the insureds with lesser uninsured motorist protection than is required by statute. Therefore, the plaintiff argues, the defendant's conduct rises to the level of fraud or inequitable conduct which would require the reformation of the contract to include uninsured motorist protection in the amount of the insureds liability coverage.
As the form contains inconsistent coverage election, the issue of whether the defendant knew of the insureds' inconsistent elections and ignored them in order to provide the insureds with lesser uninsured motorist protection presents an issue of the defendant's knowledge and intent. These issues are best resolved by the trier of fact. WadiaEnterprises, Inc. v. Hirschfeld, supra, 224 Conn. 250. Therefore, the defendant's motion for summary judgment on the plaintiff's second theory of liability in count three is denied.
 Conclusion. CT Page 7015
For the foregoing reasons, the defendant's motion for summary judgment is denied.
D. Michael Hurley, Judge Trial Referee