[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
On March 23, 1999, the plaintiff, Westport Taxi Service, Inc., brought an action against the defendants, Town of Westport, Morton Brod, Joseph Sledge, James W. Hood, Norwalk Transit District, Louis Schulman (Schulman) and the City of Norwalk. The plaintiff alleges that in 1996, it obtained an $854,059.15 judgment against the Westport Transit District.[1] Moreover, the plaintiff alleges that the directors of the Westport Transit District and Westport town officials, acting with the cooperation of the Norwalk Transit District and its administrator, Schulman, stripped the Westport Transit District of all its assets and CT Page 9015 fraudulently transferred all of the Westport Transit District's assets and transit activities to the Norwalk Transit District. The plaintiff claims that this transfer was made in order to make it impossible for the plaintiff to collect on its judgment. The plaintiff alleges that the defendants' actions rendered the Westport Transit District a defunct, insolvent entity unable to satisfy any portion of the judgment. Count four of the plaintiffs complaint alleges that the defendants, including defendant Schulman, acted in concert and directly participated in the fraudulent concealment of the Westport Transit District's assets and funds. The plaintiff alleges that the defendants fraudulently transferred those assets, funds and operations to the Norwalk Transit District in order to enable the Westport Transit District to avoid its legal obligation to the plaintiff.[2]
On September 19, 2001, Schulman moved for summary judgment as to count four of the plaintiffs complaint on the grounds that: (1) the plaintiffs cause of action is time barred pursuant to General Statutes § 52-552j; and alternatively, (2) if the plaintiffs action is not time barred, no assets were transferred to Schulman, and even if it were determined that Schulman did participate in the transfer and benefitted from it, the assets were of no value and therefore the plaintiff suffered no damage. Consequently, Schulman argues that there is no genuine issue of material fact in dispute and summary judgment should be granted. The plaintiff responds that the plaintiffs action is not time barred and furthermore, that there is a genuine issue of material fact in dispute as to: (1) what the defendants' actual intent was in undertaking the transfer; and (2) what the value is of the transferred assets. The plaintiff concludes, therefore, that summary judgment should be denied.
A motion for summary judgment shall be granted "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Milesv. Foley, 253 Conn. 381, 385, 752 A.2d 503 (2000). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Appleton v. Board of Education,254 Conn. 205, 209, 757 A.2d 1059 (2000).
First, the court will address Schulman's statute of limitations argument. Schulman argues that the plaintiffs action is time barred under CT Page 9016 General Statutes § 52-552j[3] which has a statute of limitations of four years. Schulman argues that the transfer of "assets" took place in 1993, more than six years before the plaintiff filed his action in 1999. Consequently, Schulman argues that the plaintiffs action is time barred. The plaintiff responds that Schulman admits in his memorandum that a transfer of assets took place in 1997 and therefore, the plaintiff has filed his action within the four year statutory requirement.
The court finds that the plaintiff filed its action on March 23, 1999. Furthermore, the court notes that Schulman admits in his memorandum that there was a transfer of assets in 1997. (Schulman memorandum (9/19/00), p. 5.) Consequently, the court finds that the plaintiff has filed a timely cause of action pursuant to General Statutes § 52-552j and therefore, summary judgment cannot be granted on this ground.
Also, the court does find that there are genuine issues of material fact in dispute as to whether Schulman participated in the transfer and if so, whether he had any intent to defraud the plaintiff in his role as administrator of the Norwalk Transit District. The court notes that "[i]t is . . . well recognized that summary judgment procedure is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions." (Internal quotation marks omitted.) Tryon v. Town of NorthBranford, 58 Conn. App. 702, 716, 755 A.2d 317 (2000); see also Suarezv. Dickmont Plastics Corp., 229 Conn. 99, 111, 639 A.2d 507 (1994). Furthermore, "[f]raud . . . cannot be easily defined because [it] can be accomplished in so many different ways. [It] present[s], however, issues of fact." (Internal quotation marks omitted.) Anastasia v. Beautiful YouHair Designs, Inc., 61 Conn. App. 471, 478, 767 A.2d 118 (2001). Consequently, as there is a dispute as to Schulman's participation and intent in the transfer, the court finds that summary judgment is inappropriate. Accordingly, Schulman's motion for summary judgment is denied.
So Ordered.
D'ANDREA, J.T.R.