[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE' MOTION FOR SUMMARY JUDGMENT IN ALLEGED DISCRIMINATION ACTION
On August 23, 1999, plaintiff Theodore Gardner, Jr., filed a complaint against the city of New Haven. The plaintiff, a city firefighter, alleges that he was injured while working on April 15, 1996. He further alleges that on October 5, 1999, the city placed him on retirement disability status in violation of the Workers' Compensation Act, specifically General Statutes § 31-290a. The plaintiff alleges that he was forced CT Page 9382 to retire despite his ability to work on light duty, in violation of the fire department's policy regarding the availability of light duty when a firefighter sustains a work related injury. The defendant answered the complaint on January 11, 2000, denying the material allegations.
Defendant City of New Haven has filed the present motion for summary judgment on the ground that there are no genuine issues of material fact and it is entitled to judgment as a matter of law because: (1) the plaintiff failed to present a prima facie case of discrimination; and (2) if the plaintiff presented a prima facie case of discrimination, the defendant successfully rebuts the plaintiff's prima facie case. In support of its motion, the defendant submitted the following documents: (1) an affidavit by Dennis Daniels, Chief of Fire Department Services; (2) a letter to Daniels from the plaintiff's attorney; (3) a copy of a medical exam report from the plaintiff's doctor; (4) a copy of part of the agreement between Local 825 of the New Haven Fire Union and the defendant; (5) a copy of an independent medical evaluation report of the plaintiff with a letter clarifying the position of the examiner; and (6) a letter to the plaintiff by the defendant which outlines the decision to place the plaintiff on disability retirement.
Plaintiff Theodore Gardner has filed an objection to the motion in which he argues that he presented a prima facie case of discrimination and there are genuine issues of material fact. In support of his position, the plaintiff submitted the following: (1) a typewritten letter by John Brantley, Director of the Public Fire Education Division, requesting that the plaintiff be placed in a light duty assignment in his division; (2) a handwritten letter by the same; (3) a handwritten list of firefighters who have light duty assignments; (4) an affidavit by the plaintiff; (5) an affidavit by Brantley; (6) copies of interrogatories served on the defendant; and (7) a copy of an internal memorandum by Daniels.
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Milesv. Foley, 253 Conn. 381, 385, 752 A.2d 503 (2000). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Id., 386. "Summary judgment procedure is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reaction." (Internal quotation marks omitted.) Morascini v. Commissionerof Public Safety, 236 Conn. 781, 809, 236 A.2d 1340 (1996). CT Page 9383
The defendant argues that the plaintiff fails to present a prima facie case of discrimination under § 31-290a.[1] Specifically, the defendant argues that the plaintiff fails to present any evidence establishing a causal connection between the protected activity, namely filing of a workers' compensation claim, and the adverse employment action, namely the plaintiff's forced retirement. In the alternative, the defendant argues that if the plaintiff presents a prima facie case, the defendant successfully rebuts the prima facie case because the defendant's actions were pursuant to the fire department's neutral absence control policy. The plaintiff argues that he presents a prima facie case of discrimination under § 31-290a, and there are genuine issues of material fact as to whether a light duty assignment was available.
"In setting forth the burden of proof requirements in a 31-290a
action, we look to federal law for guidance." Ford v. Blue Cross BlueShield of Connecticut, Inc., 216 Conn. 40, 53, 578 A.2d 1054 (1990). "The plaintiff bears the initial burden of proving by the preponderance of the evidence a prima facie case of discrimination. . . . In order to meet this burden, the plaintiff must present evidence that gives rise to an inference of unlawful discrimination. . . . If the plaintiff meets this initial burden, the burden then shifts to the defendant to rebut the presumption of discriminations by producing evidence of a legitimate, nondiscriminatory reason for its actions. . . . If the defendant carries this burden of production, the presumption raised by the prima facie case is rebutted, and the factual inquiry proceeds to a new level of specificity . . . The plaintiff then must satisfy [his] burden of persuading the factfinder that [he] was the victim of discrimination either directly by persuading the court [or jury] that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." (Citations omitted; internal quotation marks omitted.) Id, 53, citing McDonnellDouglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668
(1973).
"The burden that an employment discrimination plaintiff must meet in order to defeat summary judgment at the prima facie stage is de minimus.McClee v. Chrysler Corporation, 109 F.3d 130, 134 (2nd Cir. 1997). . . . The plaintiff, to make out a prima facie case of retaliatory discharge, must establish (a) participation in a protected activity known to the defendant; (b) an employment action disadvantaging the plaintiff; and (c) a causal connection between the protected activity and the adverse employment action. Dubois v. State of New York, 966 F. Sup. 144, 147
(N.D.N.Y. 1997); Johnson v. Palma, 931 F.2d 203, 207 (2nd Cir. 1991). A causal connection may be established either indirectly by showing that the protected activity was followed closely by discriminatory treatment, CT Page 9384 or through other evidence such as disparate treatment of fellow employees who engaged in similar conduct, or directly through evidence of retaliatory animus directed against a plaintiff by the defendant." (Citation omitted; internal quotation marks omitted.) Id.
The court finds that in this case a genuine issue of material fact does exist as to whether the defendant treated other similarly situated employees in the same manner as the plaintiff. The agreement between the defendant and the New Haven Fire Union Local 825, of which the plaintiff is a member, states that "[w]hen an employee has been on sick or worker's compensation . . . for a period of eighteen months, the Board of Fire Commissioners shall cause that employee to be examined by an independent medical authority. If it is determined by this independent medical authority that the employee is permanently unable to perform the essential functions of the assignment to which the employee is assigned,and there exists within the department table of organization no otherassignment which the employee might perform consistent with therestrictions of his or her limitation, then the Board of Fire Commissioners in its discretion may initiate an application for retirement for medical cause for said employee." (defendant's motion, exhibit 2, attachment B, ¶ 33.15.) An affidavit and other evidence submitted by the defendant, however, asserts that the department maintains "light duty" programs similar to what is described in the agreement only for those employees who will be able to return to full firefighting duties in the future, but are not yet able to do so. (affidavit of Dennis Daniels, ¶ 5, defendant's motion, exhibit 2; see also Defendant's motion, exhibit 2, attachment C.)
The defendant argues in the alternative that the department's actions were undertaken pursuant to a neutral absence control policy, and therefore, that the evidence rebuts the prima facie case of the plaintiff. The defendant specifically argues that the present action is similar to the D'Agata decision, where the court found that the plaintiff was terminated more than a year after receiving benefits, and thus could not establish a temporal connection between the termination and his receipt of workers' compensation benefits. See D'Agata v. Sears, Roebuck Co., supra, Superior Court, Docket No. 483475. In D'Agata, supra, the court further found that the plaintiff failed to present direct evidence of animus or disparate treatment.
In the present case, however, the plaintiff does present evidence which raises an issue as to animus. In support of his position, the plaintiff submits two letters and an affidavit from John Brantley, Director of Public Fire Education. The first letter states that Mr. Brantley requested that the plaintiff be placed in a light duty situation with the fire education division. (plaintiff's objection, exhibit 2.) The second, CT Page 9385 a handwritten letter by Mr. Brantley, states that it is his belief that the plaintiff's involvement in the Firebird Society (allegedly an advocacy association for minority firefighters) is the reason that he was not given a light duty assignment. (plaintiff's opposition, exhibit 3.) The affidavit restates that position. (plaintiff's reply memorandum, appendix 6, ¶ 5.)
Because the evidence submitted raises a genuine issue of material fact both as to whether the plaintiff was discharged for improper discriminatory reasons rather than the defendant's neutral absence control policy, and whether the department must make light duty positions available to the plaintiff, the defendant's motion for summary judgment should be and hereby is denied.
Clarance J. Jones, Judge