[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION FOR SUMMARY JUDGMENT #208
The plaintiff, Hillside Commons Condominium Association, Inc., brings the instant action against the defendant, Francisca Queiros, seeking a foreclosure of its lien for all assessments levied against the defendant unit owner, from the time the assessment became delinquent pursuant to General Statutes § 47-258. The plaintiff, in its complaint, alleges that the defendant acquired title to Unit No. 108 of Hillside Commons, 41 Millville Avenue, Naugatuck, Connecticut, by a warranty deed from Anthony T. and Barbara J. Pesanelli dated February 23, 2000, and recorded on March 1, 2000. Specifically, the plaintiff alleges that the defendant has failed to pay a special assessment that was due by July 15, 2000, and all payments due thereafter. As a result of the defendant's alleged failure to make these payments, the plaintiff seeks to foreclose its lien.
The defendant in her special defenses alleges that she has made all of the required payments in a timely and regularly fashion and that the plaintiff has failed to properly apply them. The defendant further alleges that the plaintiff failed to inform her of the pending assessment, that the special assessment was not listed as part of the resale certificate and that, as a result, she is not liable for it.
The plaintiff now moves for summary judgment as to liability on the ground that no genuine issue of material fact exists as to the defendant's liability for the debt owed to the plaintiff.
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Milesv. Foley, 253 Conn. 381, 385, 752 A.2d 503 (2000). "In deciding a motion CT Page 15941-cn for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Id., 386. "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citation omitted; internal quotation marks omitted.) Id.
The following additional facts were provided in the parties' memoranda and are pertinent to this dispute. In accordance with General Statutes § 47-270, the plaintiff furnished a resale certificate to the prior unit owners on February 18, 2000.[1] On February 26, 2000, at an annual meeting held by the association, the unit owners voted to approve a $3,000 special assessment. (Plaintiff's Memorandum, pp. 2-3; Defendant's Memorandum, p. 1.) The closing was held on February 29, 2000, three days after the special assessment had been approved, and on March 1, 2000, the defendant became the record owner of Unit No. 55.[2] Subsequently, on March 22, 2000, the plaintiff determined that the special assessment could be paid in two installments, with the final installment being due on July 15, 2000.
General Statutes § 47-270 (a) requires that "a unit owner shall furnish to a purchaser or such purchaser's attorney, before the earlier of conveyance or transfer of the right to possession of a unit; a copy of the declaration, other than any surveys and plans, the bylaws, the rules or regulations of the association, and a certificate containing . . . (2) a statement setting forth the amount of the periodic common expense assessment and any unpaid common expense or special assessment currently due and payable from the selling unit owner. . . ." Section 47-270 (b) requires that "[t]he association . . . furnish a certificate containing the information necessary to enable the unit owner to comply with this section." Section 47-270 (c) further states that "[a] purchaser is not liable for any unpaid assessment or fee greater than the amount set forth in the certificate prepared by the association."
The plaintiff argues that the special assessment was not "currently due and payable," as provided under § 47-270 (a), and that a resale certificate is not required under the statute to list possible assessments. The plaintiff further relies on Section 18.3 of its Declaration to support its claim that its lien against the defendant existed from the time the first installment of the special assessment became due.[3] In response, the defendant contends that the plaintiff CT Page 15941-co did not disclose the special assessment or the possibility of such an assessment and, that the $785.05 unpaid assessment listed in the resale certificate was paid at closing. The defendant further argues that the resale certificate by its terms was valid for thirty days from the date of issue and that once the special assessment had been approved within that thirty day period, the plaintiff had a duty to inform her of same.
Clearly, the plain and unambiguous language of the statute in question that mandates the reporting of ". . . any unpaid common expenses or special assessments currently due and payable from the selling unit owner" does not require the plaintiff to provide a certificate listing possible assessments. Nor does the statute require continuing disclosure without a sufficient request and payment of a reasonable fee by a unit owner.
While the statute imposes no continuing duty to inform the unit owner or prospective unit purchaser, the certificate itself may require same. The certificate in pertinent part provides: "This Resale Certificate is valid only thirty (30) days from date of issue. After that date this document must be updated."
In light of this provision, the statement setting forth the total amount of unpaid expenses as being $785.05 was a valid statement for a period of 30 days from February 18, 2000, the date of the resale certificate. Consequently, the defendant may have justifiably relied on the plaintiff's statement to her detriment when, within the 30 day period, she closed title to the unit without knowledge that three days earlier at the plaintiff's annual meeting, the unit owners had voted to approve a $3,000 special assessment. At closing, the $785.05 delinquency reported by plaintiff in its resale certificate was paid and defendant claims to have timely paid each monthly common charge to date.
In viewing the evidence in the light most favorable to the defendant, the court finds that genuine issues of material fact exist regarding the defendant's liability and, therefore, the plaintiff is not entitled to judgment as a matter of law.
Accordingly, the court denies the plaintiff's motion for summary judgment.
THOMAS G. WEST, J.