[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS
The plaintiff Michael Hychko brings this action for a writ of mandamus against the defendant Vincent Viggiano, the Waterbury Zoning Enforcement Officer, to compel the defendant to issue a cease and desist order against certain unnamed individuals or companies who are engaged in rock crushing operations in violation of Waterbury zoning ordinances. The defendant has moved to dismiss the action based on the lack of standing of the plaintiff. Both parties filed memoranda of law on the issue and were heard at oral argument.
The plaintiff alleges that he operates a rock crushing business known as Blue Stone Quarry in the City of Waterbury. He alleges that his business fully complies with Waterbury Zoning ordinances and that he has suffered. "the loss of large amounts of revenue" as a result of the city's failure to enforce the zoning ordinances against those individuals or companies who compete with him. In the Motion to Dismiss, the defendant argues that the plaintiff has no standing to bring an action for writ of mandamus and that the matter must be dismissed.
A writ of mandamus can issue only in very limited circumstances. The writ is proper only when "(1) the law imposes on the party against whom the writ would run a duty performance of which is mandatory and not discretionary; (2) the party applying for the writ has a clear legal right to have the duty performed; and (3) there is no other specific adequate remedy." (Citations omitted; internal quotation marks omitted.)Miles v. Foley, 253 Conn. 381, 391, 752 A.2d 503 (2000).
In a case that virtually mirrors the facts here, the Appellate Court has held that a business competitor has no standing merely based on an alleged economic injury to bring an action for mandamus to compel a zoning official to enforce specific zoning regulations, the purpose of which are to promote the public welfare and protect the public at large.Lewis v. Swan, 49 Conn. App. 669, 677 (1998). The court views this Appellate Court case as controlling. CT Page 11295
Accordingly, the Motion to Dismiss is granted.
 ___________________ Patty Jenkins Pittman, Judge
CT Page 11296