[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
Facts
On January 14, 2000, the plaintiff, Sandra Wunder, Administratrix of the Estate of William Pityer, filed a wrongful death complaint against the defendant, Mobil Oil Corporation ("Mobil"), for damages allegedly sustained as the result of defendant's failure to provide a safe working environment for plaintiffs decedent, William Pityer. Mr. Pityer, an employee of Waterford Petroleum, LLC, was working as a cashier at a gas station and mart/snack shop located on Route 85 in Waterford on June 7, 1999 when he was shot and killed during an attempted robbery. Mobil was the franchisor of the operation and Ronald Miceli ("Miceli") was the franchisee.
The plaintiff claims that Mobil exercised control and supervision over the gas station and mart/snack shop. and that it failed to provide adequate security measures, devices and procedures to afford protection to employees such as the plaintiffs decedent. By motion dated August 9, 2002, Mobil moves for summary judgment claiming it did not owe a legal duty to plaintiffs decedent as a matter of law. Mobil claims that the franchise agreement and lease agreement between Mobil, the franchisor, and Miceli, the franchisee, clearly indicate that Miceli had sole responsibility with respect to security at the gas station and mart/snack shop.
Discussion
Pursuant to Practice Book section 17-45, "summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." CT Page 13485 (Internal quotation marks omitted.) Miles v. Foley, 253 Conn. 381, 385,752 A.2d 503 (2000). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Sherwood v. DanburyHospital, 252 Conn. 193, 201, 746 A.2d 730 (2000). "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist."Nolan v. Borkowski, 206 Conn. 495, 500, 538 A.2d 1031 (1988). "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts. . . ." (Internal quotation marks omitted.) Hertz Corp. v. Federal Insurance Co., 245 Conn. 374, 381,713 A.2d 820 (1998). "To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." (Internal quotation marks omitted.) Witt v. St. Vincent's MedicalCenter, 252 Conn. 363, 372 n. 7, 746 A.2d 753 (2000).
The Court has reviewed the exhibits submitted, including particularly the depositions of Ronald Miceli, the franchisee, David Driscoll, a Mobil Territory Manager, and Anthony Russo, a Mobil Territory Manager, and concludes that there is a triable issue of fact as to whether or not Mobil exercised control over security at the Mobil Mart premises. "Even where a trial court finds that the evidence strongly favors one party, that court may not arrogate to itself the role of trier of fact and, thus, decide issues of material fact as a matter of law. A party has the same right to submit a weak case [to the jury] as he has to submit a strong one." (Internal quotation marks omitted.) Maffucci v. Royal ParkLtd. Partnership, 42 Conn. App. 563, 572, 680 A.2d 333 (1996), rev' d on other grounds, 243 Conn. 552, 707 A.2d 15 (1998).
Conclusion
Mobil's motion for summary judgment is denied.
BY THE COURT
McLachlan, J. CT Page 13486