[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The plaintiff, Anne Marie Ciotti, filed a two-count complaint on October 22, 1999, against the defendant, May M. Homick, seeking monetary damages for personal injuries and losses she allegedly sustained in an automobile accident.
The plaintiff alleges that on November 9, 1997, the defendant's vehicle entered the intersection of Prospect Road and Hamilton Avenue without warning and collided with a vehicle operated by a third party.
The plaintiff further alleges that as a result of the collision, the plaintiff struck the third party's vehicle. CT Page 7225
Count one of the complaint alleges common-law negligence while count two alleges statutory recklessness pursuant to General Statutes §14-245.[1] In her prayer for relief, the plaintiff requests double or treble damages as authorized by General Statutes § 14-295.[2]
On March 31, 2000, the defendant filed a motion to strike count two of the complaint on the ground that the plaintiff failed to allege sufficient facts to support a claim for recklessness and double or treble damages under § 14-295. On April 18, 2000, the court, Holzberg, J., granted the defendant's motion to strike count two on the ground that the plaintiff failed to file an objection.
On February 2, 2001, the defendant filed a motion for summary judgment, along with a supporting memorandum of law, affidavits and other documentary evidence, arguing that there are no genuine issues of material fact and that the defendant is entitled to judgment as a matter of law. On February 16, 2001, the plaintiff filed an opposition to the motion for summary judgment, along with a supporting memorandum of law and documentary evidence.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Doucette v.Pomes, 247 Conn. 442, 452, 724 A.2d 481 (1999). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Miles v. Foley, 253 Conn. 381, 386,752 A.2d 503 (2000).
In her motion for summary judgment, the defendant argues that while she was waiting to make a left turn onto Prospect Road, she suddenly lost consciousness. The defendant states in her affidavit that she remembers "waking up in an ambulance and then later waking up in the hospital." (Homick affidavit, ¶ 8.) The defendant further argues that pursuant to Connecticut law, an operator of an automobile who loses consciousness resulting in a collision with another automobile may not be found negligent. The defendant concludes that because she lost consciousness and cannot be held negligent as a matter of law, the court should grant the motion for summary judgment. CT Page 7226
Conversely, the plaintiff argues that the defendant has failed to meet her burden of establishing the absence of genuine issues of material fact. The plaintiff argues that the evidence offered by the defendant is insufficient and does not prove that the defendant experienced actual unconsciousness either before or after the accident. In addition to arguing that the defendant's affidavit is merely self-serving, the plaintiff also points out that the affidavit of Sharon Abney, a witness to the accident, notes only that Abney "observed the driver . . . with her head completely down" and that "[t]he driver of this vehicle, May Homick, appeared to be asleep or unconscious." (Abney affidavit, ¶ 6, 7.) While Abney's affidavit does suggest that the defendant may have been asleep or unconscious, the plaintiff argues that "it also suggests that the Defendant could have been looking for something or attempting to pick up something off the car floor." (Memorandum in opposition, p. 2.) Furthermore, the plaintiff attached witness statements and medical records to her opposition to the defendant's motion to show the existence of genuine issues of material fact as to whether the defendant was actually unconscious at the time of the accident. The plaintiff notes that the ambulance report indicates that upon their arrival, the EMTs observed the defendant as being alert and confused.
During oral argument at short calendar, held on March 19, 2001, the defendant argued that the affidavits and other documentary evidence attached to the plaintiffs opposition are inadmissible because the witness statements are not sworn or notarized and the medical records are not certified. Practice Book § 17-45 provides, in relevant part, that "[a] motion for summary judgment shall be supported by such documents as may be appropriate, including, but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like." "Only evidence that would be admissible at trial may be used to support or oppose a motion for summary judgment." (Internal quotation marks omitted.) Great Country Bank v. Pastore, 241 Conn. 423, 436,696 A.2d 1254 (1997). "[U]ncertified copies of documents to which no affidavit exists attesting to their authenticity . . . do not constitute proof of documentary evidence for purposes of a motion for summary judgment." (Internal quotation marks omitted.) Lake v. Whelan, Superior Court, judicial district of Danbury, Docket No. 337163 (January 29, 2001, Moraghan, J.T.R.); Went v. Bridgeport, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 356625 (September 15, 2000, Moran, J.); Chapman v. Franford, Superior Court, judicial district of New London at New London, Docket No. 536034 (April 24, 1997, Handy,J.); Renard v. Dillman, Superior Court, judicial district of Danbury, Docket No. 322729 (June 3, 1996, Mihalakos, J.). Accordingly, the court finds that the medical reports and EMT report offered by the plaintiff are insufficient to establish that there is a genuine issue of material CT Page 7227 fact as to whether the defendant lost consciousness just prior to the accident because such reports were not accompanied with affidavits attesting to their authenticity.
Nevertheless, the court finds that it must deny the defendant's motion for summary judgment because she has failed to satisfy' her burden of proving the absence of genuine issues of material fact. In her affidavit, the defendant states that she lost consciousness while waiting for a break in traffic. (Homick affidavit, ¶ 8.) The defendant also relies on Abney's affidavit in which Abney states that she saw the defendant with her head completely down and appeared to be "asleep or unconscious." (Abney affidavit, ¶ 6-7.) Because Abney only witnessed the defendant with her head down, the only conclusive evidence that the defendant has offered to establish that she lost consciousness prior to the accident is her own affidavit. Accordingly, the defendant's affidavit is insufficient to satisfy her burden because "a court is not necessarily entitled to assume the truth of a defendant's declarations concerning intent or a fact known only to a defendant simply because of the absence of an affidavit contradicting the declarations." Tryon v. North Branford,58 Conn. App. 702, 707, 755 A.2d 317 (2000), citing Batick v. Seymour,186 Conn. 632, 645-46, 443 A.2d 471 (1982). The defendant has offered no other evidence other than her self-serving affidavit that establishes that she lost consciousness. Relaford v. Rawana, Superior Court, judicial district of New Haven at Meriden, Docket No. 266281 (May 19, 2000,Robinson, J.) ("[s]elf-serving affidavits of moving parties are insufficient to support a motion for summary judgment"). Thus, the failure of the plaintiff to provide admissible evidence to contradict the defendant's assertions is inconsequential and the issue of whether the defendant lost consciousness prior to the accident should be reserved for the trier of fact.
For the foregoing reasons, the court hereby denies the defendant's motion for summary judgment.