[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #106
This case arises from an earlier action brought by the plaintiffs, Andy and Diane Bouchard, against Andy Bouchard's employer Fab-Tech, Inc. In the underlying action, Andy Bouchard sought money damages for injuries he sustained on November 9, 1994 as a result of working with a table saw. In the underlying complaint, Andy Bouchard alleged that his injuries were caused by the willful, wanton, intentional and serious misconduct of Fab-Tech, Inc. In the same complaint, Diane Bouchard sought money damages for loss of consortium. As the result of a default entered against Fab-Tech, Inc. for failure to appear, the court entered judgment on February 2, 1999 in favor of Andy Bouchard in the amount of $85,972.82 in economic damages and $300,000 in non-economic damages. The court also entered judgment in favor of Diane Bouchard in the amount of $25,000.[1]
At the time of the injury, Fab-Tech, Inc. was insured by the defendant in this present action, Sentry Insurance Company. Because the judgments remain unsatisfied, the plaintiffs have initiated this present action against Sentry pursuant to General Statutes § 38a-321, seeking recovery of the initial judgments entered by the court, plus interest and CT Page 13468-bn attorneys' fees. On January 24, 2001, the defendant filed a motion for summary judgment, along with a supporting memorandum of law and documentary evidence, on the grounds that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. On April 25, 2001, the plaintiffs filed an opposition to the defendant's motion for summary judgment.
 DISCUSSION
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." General Statutes § 17-49;Doucette v. Pomes, 247 Conn. 442, 452, 724 A.2d 481 (1999). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Miles v. Foley,253 Conn. 381, 386, 752 A.2d 503 (2000)
In its motion for summary judgment, the defendant argues, inter alia, that under part two, section C, paragraph 5 of the insurance policy in effect at the time of the injury specifically excluded coverage for any claim arising out of "bodily injury intentionally caused or aggravated by [the insured]." The defendant argues, therefore, that because the underlying complaint alleged that the injuries sustained by Andy Bouchard were caused by the "willful, wanton, intentional and serious misconduct of the Defendant Fab-Tech, Inc.," the plaintiffs are precluded from recovering damages from the defendant under § 38a-321. The defendant also argues that the plaintiffs are precluded from recovery under the exclusive remedy provisions of General Statutes § 31-284.
In their opposition to the defendant's motion for summary judgment, the plaintiffs argue that the exclusion in the insurance policy for those bodily injuries arising out of acts intentionally caused or aggravated by the insured is not applicable because the underlying complaint alleged that the injuries were caused not only by Fab-Tech's intentional misconduct, but also by their willful and serious misconduct. The plaintiffs also argue that the exclusive remedy provision of the Workers' Compensation Act; General Statutes § 31-284; is inapplicable because CT Page 13468-bo the underlying complaint alleged that the injuries occurred due to FabTech's willful, wanton, intentional and serious misconduct.
The first issue for the court to address is whether the injuries sustained by Andy Bouchard, as alleged in the underlying complaint, were excluded from coverage under the existing insurance policy. Generally, "[i]t is the function of the court to construe the provisions of the contract of insurance." (Internal quotation marks omitted.) QSP, Inc. v.Aetna Casualty Surety Co., 256 Conn. 343, 351, 773 A.2d 906 (2001). "An insurance policy is to be interpreted by the same general rules that govern the construction of any written contract and enforced in accordance with the real intent of the parties as expressed in the language employed in the policy." (Internal quotation marks omitted.)Imperial Casualty Indemnity Co. v. State, 246 Conn. 313, 324,714 A.2d 1230 (1998). "It is axiomatic that a contract of insurance must be viewed in its entirety, and the intent of the parties for entering it derived from the four corners of the policy. . . . The policy words must be accorded their natural and ordinary meaning . . . [and] any ambiguity in the terms of an insurance policy must be construed in favor of the insured because the insurance company drafted the policy. . . . [T]his rule of construction favorable to the insured extends to exclusion clauses." (Citations omitted; internal quotation marks omitted.) Id., 324-25.
"Under § 38a-321, a party who obtains a judgment against an insured defendant "shall be subrogated to all the rights of the defendant and shall have a right of action against the insurer to the same extent that the defendant could have enforced his claim against such insurer had such defendant paid such judgment.'" Home Ins. Co. v. Aetna Life CasualtyCo., 235 Conn. 185, 198, 663 A.2d 1001 (1995), quoting General Statutes § 38a-321. "[T]he intention of the [statute] is to give to the [judgment creditor] the same rights under the policy as the assured." (Internal quotation marks omitted.) Id.
The defendant argues that in bringing a direct action under §38a-321, the plaintiffs are limited to the allegations raised in the underlying complaint. The defendant further argues that because the underlying complaint alleges that Andy Bouchard's injuries were "caused by the willful, wanton, intentional and serious misconduct of Defendant Fab-Tech, Inc.," and because the insurance policy excluded "bodily injury intentionally caused or aggravated by the [insured]," the plaintiffs have no right to subrogation under § 38a-321. CT Page 13468-bp
Our Supreme Court has held, however, that "[t]he principle of substitution in subrogation actions refers not to the relationship between the underlying claim and the subrogation action but, rather, to the substitution of the subrogee for the subrogor. Indeed, the right to subrogation does not depend on the existence of any earlier litigation.
Home Ins. Co. v. Aetna Life Casualty Co., supra, 235 Conn. 196. InHome Ins. Co. v. Aetna Life Casualty Co., the court determined that "the claims underlying [the plaintiff's] action against [the underlying defendant] and its action against [the defendant insurance company were] completely different: the former was brought as a common law trespass action, and the latter as a statutory subrogation action involving the scope of an insurer's liability coverage under an insurance policy. Because the claims are separate and distinct, the facts to be proven in satisfaction thereof are also different." Id., 196. "[A]lthough the two actions were commenced by the same plaintiff, each involves a different defendant who is not a party to the other action. Thus, the fact that the two actions have their origins in the same event does not transform them into one proceeding." Id., 196-97.
The plaintiffs argue in this action that in addition to alleging intentional misconduct, the underlying complaint also sets forth claims of willful and serious misconduct, thereby placing the injuries within the scope of coverage. The plaintiffs cite to American Ins. Co. v.Saulnier, 242 F. Sup. 257 (D. Conn. 1965), wherein the court held that anyone reading the precise language of the phrase "injury . . . caused intentionally by . . . the insured' which delineates the kind of injuries excluded would hardly define it to include injuries caused by wilful or wanton misconduct." Id., 261. The court went on to note, however, that should the exclusionary clause be so ambiguous as to be open to interpretation, "construction most favorable to the insured must be used." Id.; see also Home Ins. Co. v. Aetna Life Casualty Co., supra,235 Conn. 325. Similarly, one Superior Court decision has also held that willful and wanton behavior does not necessarily constitute intentional acts for the purposes of interpreting insurance policies. In Mikolinskiv. Cumberland Mutual Fire Ins. Co., Superior Court, judicial district of New Haven at New Haven, Docket No. 338674 (November 7, 1997, Zoarski,J.T.R.), the court noted that a "plaintiff's claims of injury resulting from assault and willful and wanton behavior would not necessarily be excluded by the defendant insurers' policy as intentional acts."
Our Supreme Court, however, has defined the term "willful misconduct" as "intentional conduct designed to injure for which there is no just cause or excuse." (Internal quotation marks omitted.) Dubay v. Irish,
CT Page 13468-bq207 Conn. 518, 533, 542 A.2d 711 (1988). "`[W]illful,' `wanton,' or `reckless' conduct tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent. . . . It is at least clear . . . that such aggravated negligence must be more than any mere mistake resulting from inexperience, excitement, or confusion, and more than mere thoughtlessness or inadvertence, or simply inattention. . . ." (Internal quotation marks omitted.) Id. Because the definitions of "willful misconduct" and "intentional misconduct" contain the element of intent, those allegations in the underlying complaint appear to fall within the provision excluding coverage for "bodily injury intentionally caused or aggravated by the [insured]." The underlying complaint also alleged, however, "serious" conduct which is not necessarily intentional conduct. In order to be entitled to summary judgment, the defendant must provide this court with evidence establishing that there are no genuine issues as to whether the injuries sustained by Andy Bouchard are excluded from coverage under the policy. The judgment was entered by way of a default for failure to appear and is silent as to whether it was based on the intentional conduct, the serious conduct and/or both types of conduct. Accordingly, there are genuine issues of material fact as to the basis of the default judgment and whether it was based on conduct excluded by the policy. Because the defendant has failed to provide this court with evidence establishing the absence of genuine issues of material fact, the motion for summary judgment is denied.
The defendant also argues that summary judgment should enter because the plaintiffs are precluded from recovery under the exclusive remedy provision of the Workers' Compensation Act.[2] For the same reasons as discussed above, there are genuine issues of material fact as to what conduct constitutes the basis for the underlying judgment.
 CONCLUSION
In The light of the foregoing, the defendant's motion for summary judgment is denied.
CHASE T. ROGERS SUPERIOR COURT JUDGE