[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
 Facts
On July 16, 1999, the plaintiff, Richard Archambault, filed a complaint against the defendants, Soneco/Northeastern, Inc. ("Soneco") and Konover Construction Corporation, for injuries allegedly sustained as the result of a trench collapse which occurred on October 30, 1998, during the installation of water lines at a construction site in Willimantic, Connecticut. Mr. Archambault, an employee of the defendant Soneco, was operating an excavator at the site when a nearby portion of a trench collapsed partially burying a coworker. When the plaintiff attempted to free the co-worker, another portion of the trench collapsed burying the plaintiff and a third co-worker, Dubie Sowell.
With respect to the defendant Soneco, it is claimed that plaintiffs injuries were proximately caused by its intentional misconduct. Alleging violations of various Occupational Safety and Health Administration ("OSHA") provisions and the failure to ensure safe working conditions, the plaintiff claims such conduct was "substantially certain" to result in the trench collapse and the plaintiffs resulting injuries.[1]
By motion dated July 13, 2001, the defendant Soneco moves for summary judgment as to the first count of plaintiffs amended complaint claiming CT Page 4421 that the action against it is barred by the exclusivity provision of the Workers' Compensation Act and that the plaintiff has failed to establish the existence of a genuine issue of material fact sufficient to bring the claim within an exception to the exclusivity provision.
Discussion
Pursuant to Practice Book section 17-45, "summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Miles v. Foley, 253 Conn. 381, 385,752 A.2d 503 (2000). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Sherwood v. DanburyHospital, 252 Conn. 193, 201, 746 A.2d 730 (2000). "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist."Nolan v. Borkowski, 206 Conn. 495, 500, 538 A.2d 1031 (1988). "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts. . . ." (Internal quotation marks omitted.) Hertz Corp. v. Federal Insurance Co., 245 Conn. 374, 381,713 A.2d 820 (1998). "To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." (Internal quotation marks omitted.) Witt v. St. Vincent's MedicalCenter, 252 Conn. 363, 372 n. 7, 746 A.2d 753 (2000).
It is not disputed that the plaintiff was an employee of Soneco at the time of the trench collapse on October 30, 1998.[2] "The purpose of the workmen's compensation statute is to compensate the worker for injuries arising out of and in the course of employment, without regard to fault, by imposing a form of strict liability on the employer." (Citations omitted; internal quotation marks omitted.) Mingachos v. CBS, Inc.,196 Conn. 91, 97, 491 A.2d 368 (1985). "Under typical workers' compensation statutes, employers are barred from presenting certain defenses to the claim for compensation, the employee's burden of proof is relatively light, and recovery should be expeditious. In a word, these statutes compromise an employee's right to a common law tort action for work related injuries in return for relatively quick and certain compensation. (Citations omitted.) The purposes of the act itself are best served by allowing the remedial legislation a reasonable sphere of operation considering those purposes." Id., 97.
The exclusivity provision of the Workers' Compensation Act, section31-284 (a), provides, in relevant part, as follows: "An employer who CT Page 4422 complies with the requirements of . . . this section shall not be liable for any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment or on account of death resulting from personal injury so sustained. . . ." In Jett v.Dunlap, 179 Conn. 215, 425 A.2d 1263 (1979), the Connecticut Supreme Court recognized a narrow exception to the exclusivity provision of the Act. In Jett the Court held that the employee's action in tort against his employer was not barred by the Act because his injuries were intentionally inflicted by another employee identified as the "alter ego" of the employer. Id., 219.
Courts have been reluctant to expand the exception set forth in Jett as evidenced by the holding in the case of Mingachos v. CBS, Inc.,196 Conn. 91, 100, 491 A.2d 368 (1985). "In the present appeal the plaintiff is really requesting that we extend judicially the Jett
exception to section 31-284 to include injuries to employees resulting from `intentional,' or `wilful,' or `reckless' violations by the employer of safety standards established pursuant to federal and state laws, such as OSHA. In the absence of any such legislative direction, we decline to do so. . . ."
Referencing the Mingachos case and section 8A of the Second Restatement of Torts, the Court in Suarez v. Dickmont Plastics Corp., 229 Conn. 99,108, 639 A.2d 507 (1994) (Suarez I) held that "intent refers to the consequences of an act . . . [and] denote[s] that the actor desires to cause [the] consequences of his act, or that he believes that the consequences are substantially certain to follow from it. . . . A result is intended if the act is done for the purpose of accomplishing such a result or with knowledge that to a substantial certainty such a result will ensue." (Citations omitted; internal quotation marks omitted.)
In Suarez I, the plaintiff filed a complaint alleging severe and permanent injuries resulting from his employer's orders to clear hot molten plastic out of a plastic molding machine while the machine was in operation. The plaintiff alleged that he was told he could not employ a safer method of cleaning the machine; that he had to reach into the machine to clean it without turning the machine off; and that he would be fired if he did not comply with his employer's directions. The trial court granted the defendant's motion for summary judgment based on the exclusivity provision of the Workers' Compensation Act. On appeal, the decision was reversed on the grounds that a genuine issue of material fact existed as to whether the plaintiffs injury was "substantially certain" to follow from his employer's conduct. "Here, a jury could reasonably infer, from all the circumstances viewed in the light most favorable to the plaintiff, that the defendant's conduct constituted more than a mere failure to provide appropriate safety or protective CT Page 4423 measures, and that the plaintiffs injury was the inevitable and known result of the actions required of him by the defendant." Id., 111.
Even though Suarez I was reversed and remanded to the trial court for further proceedings, the Connecticut Supreme Court noted that it did not believe its holding would "encourage significant additional litigation, for only in those rare instances when an employer's conduct allegedly falls within the very narrow exception to the act will such litigation result." (Emphasis added.) Id., 117-118. On remand, the jury rendered a verdict in favor of the plaintiff and the trial court refused to set it aside or render a judgment notwithstanding the verdict. The defendant appealed from that judgment. Suarez v. Dickmont Plastics Corp.,242 Conn. 255, 698 A.2d 838 (1997) (Suarez II).
In Suarez II, the Court restated the substantial certainty test set forth in Suarez I: "The substantial certainty test provides for the intent to injure exception to be strictly construed and still allows for a plaintiff to maintain a cause of action against an employer where the evidence is sufficient to support an inference that the employerdeliberately instructed an employee to injure himself." (Emphasis added.)Suarez I, 110; Suarez II, 258. An employee claiming "intentional injury must rely on the intended tort theory or the substantial certainty theory. Under the former, the actor must have intended both the act itself and the injurious consequences of the act. Under the latter, the actor must have intended the act and have known that the injury was substantially certain to occur from the act." Suarez II, 280. The plaintiff in this case is proceeding under the substantial certainty theory.
The most recent appellate court decision addressing this issue isMelanson v. West Hartford, 61 Conn. App. 683, 767 A.2d 764 (2001). InMelanson, the plaintiff, a West Hartford police officer, sought damages for injuries sustained when a fellow officer accidentally shot him while in the process of executing a search warrant. Both officers were members of a tactical response team and the plaintiff claimed the defendant town so poorly managed, trained, equipped and staffed the tactical response team that it could be charged with having intentionally created a situation that it knew, with substantial certainty, would cause the injuries suffered by the plaintiff
The Melanson Court concluded that the factual allegations in the plaintiffs complaint did not pass the Suarez test. "[T]he alleged town failings on which the plaintiff rests his case are allegations of misconduct that address negligence rather than intentional misconduct. Failure to take affirmative remedial action, even if wrongful, does not demonstrate an affirmative intent to create a situation that causes CT Page 4424 personal injury. . . . [E]ven if the allegations somehow could be stretched to encompass a claim for intentional misconduct generally, the complaint provides no factual basis for a finding that the town was substantially certain that the specific injury that the plaintiff suffered would occur." Id., 689.
Under Melanson, the failure to take affirmative remedial action alone is insufficient to bypass the exclusivity provision of the Act. Likewise, violations of various OSHA regulations, even if reckless or wilful or intentional, are not sufficient to bring the employer's conduct within the narrow exception to the Act. Mingachos v. CBS, Inc.,196 Conn. 91, 491 A.2d 368 (1985). "[T]he intentional or deliberate act or conduct alleged must have been designed to cause the injury that resulted." Id., 102. "The defendant who acts in the belief or consciousness that he is causing an appreciable risk of harm to another may be negligent, and if the risk is great his conduct may be characterized as reckless or wanton, but it is not classed as an intentional wrong. In such cases the distinction between intent and negligence obviously is a matter of degree. Apparently the line has been drawn by the courts at the point where the known danger ceases to be only a foreseeable risk which a reasonable man would avoid, and becomes a substantial certainty." (Citations omitted; internal quotation marks omitted.) Id., 103. "[A] strong probability is a different thing from a substantial certainty without which he cannot be said to intend the harm in which his act results." (Citation omitted; internal quotation marks omitted.) Id., 103.
In the present case, the plaintiffs basic claim is that Soneco allowed its employees to work under conditions which made trenching operations dangerous and hazardous under the circumstances. It allegedly refused to provide a safer work environment in order "to save money and time and speed productivity" and "to accelerate productivity and achieve greater profits." The alleged misconduct consists of the failure to provide trench boxes and certain safety equipment and allowing its employees to work under such conditions. The plaintiff claims such intentional conduct by Soneco created a situation in which the plaintiffs injuries were substantially certain to occur. The court disagrees. In the typical case where the "substantial certainty" exclusion to the Workers' Compensation bar has applied, the employer "required" Suarez, id.; Gulden v. CrownZellerbach Corp., 890 F.2d 195, 197 (9th Cir. 1989) or "ordered"O'Brien v. Ottawa Silica Co., 656 F. Sup. 610 (E.D. Mich. 1987) the employee to perform the specific act which caused the injury. Defendant's conduct is not akin to "deliberately instruct[ing] an employee to injure himself." Suarez I, supra, 110; Suarez II, supra, 258. It is not tantamount to "an intentional left jab to the chin." 2A A. Larson, Workmen's Compensation (1990) 68.13, p. 13-71. This case is factually CT Page 4425 similar to Melanson rather than Suarez, because in Suarez the plaintiff was told to place his arm in a machine while it was in operation and that he would be fired if he tried to use a safer method of cleaning the machine. In this case, as in Melanson, it is alleged that the employer took no affirmative action to injure its employee but rather failed to provide certain enumerated safety measures.
The conclusion that the injuries were not "substantially certain" to occur is further bolstered by the following uncontradicted facts: the plaintiff had over twenty years of experience in the construction field; there had been no trench collapses prior to the day of the incident; although he encountered water in the trench, that is not an unusual occurrence when digging trenches; the plaintiff was an excavator, which contemplated that he would not be in the trench; the plaintiff was never told he could not bench or slope during the trenching operations; one or two small collapses occurred in the morning on the day of the incident, but the plaintiff never mentioned them to Soneco's foreman; the plaintiff expressed no concerns about safety to Soneco's foreman; and the plaintiff kept digging despite the minor collapses that day because he did not feel it was dangerous or unsafe to do so.
Adding the allegation that Soneco failed to provide safety equipment "in order to save money and time and speed productivity" and "in order to accelerate productivity and achieve greater profits" does not warrant a different conclusion. As Judge Corradino stated in Recalde v. EmhartIndustries, Inc., Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 053222 (February 4, 1999), when presented with the same argument, "[i]f there is no belief by the employer that with substantial certainty injury will result from its actions in the first place how can the employer's acts be based on a `cost out' calculation?"1999 Ct. Sup. 1272, 1287.
Conclusion
For the foregoing reasons, the court grants Soneco's motion for summary judgment as to the first count of the plaintiff's amended complaint. The claim against Soneco is barred by the exclusivity provision of the Workers' Compensation Act and is not within the narrow exception to the Act.
BY THE COURT
 ___________________ McLachlan, J.