[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S PRECISION MECHANICAL SERVICES MOTION FOR SUMMARY JUDGMENT (#168)
Pursuant to Connecticut Practice Book § 17-44 et seq., defendant Precision Metal Services, Inc. ("Precision") has moved for summary judgment on the Fifth Count of the plaintiff's Third Revised Complaint, dated December 15, 2000. The Fifth Count sets forth a cause of action pursuant to Connecticut General Statutes § 52-572 et seq., the Connecticut Product Liability Act ("CPLA") against Precision. Precision claims that there is no genuine issue of material fact as to whether it was a "product seller" as defined by the CPLA.
The present action arises from an accident that occurred at a Shaw's Supermarket construction site at the Brass Mill Center in Waterbury, Connecticut. The plaintiff alleges that on October 6, 1998, he was injured while using a mechanical/hydraulic lift at the site.
Specifically, the plaintiff alleges that the lift and/or its controls failed to operate properly causing it to roll and topple over as a result of an elevation change in the cement flooring.
The plaintiff's Third Revised Complaint contains six counts. The First Count is against C. Raimondo Sons Construction Co., Inc. ("Raimondo"), the general contractor at the job site. The plaintiff alleges negligence on the part of Raimondo for, inter alia, creating and maintaining a job site that was in a dangerous and hazardous condition. The Second and Third Counts are against GGP/Homart, Inc. and Shaws Supermarket, Inc., respectively, and contain similar allegations of negligence.
The Fourth Count sets forth a cause of action pursuant to the CPLA against United Rentals, Inc. ("United"). In November, 1998, United merged with and/or was acquired by McClinch Equipment Corporation ("McClinch"). The plaintiff alleges that United was engaged in the business of leasing and/or selling hydraulic/mechanical lifts used on construition sites. The CT Page 11092 plaintiff alleges that the lift that he was using and which caused his injuries had been rented, leased and/or sold by United to his employer for use at the Shaw's Supermarket construction site and was defective.
The Fifth Count sets forth a cause of action under the CPLA against Precision. As in the Fourth Count against United, the plaintiff alleges that Precision was engaged in the business of leasing and/or selling mechanical and hydraulic lifts used on construction sites. The plaintiff alleges that the defective lift that he was using and which caused his injuries had been rented, leased and/or sold by Precision to his employer for use at the Shaw's Supermarket construction site.
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Miles v. Foley, 253 Conn. 381, 385 (2000); see Practice Book § 17-49. A material fact is one "which will make a difference in the result of the case." Hammer v. Lumberman's MutualCasualty Co., 214 Conn. 573, 578 (1990).
"[A] party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." Miles v.Foley, supra, 253 Conn. at 386. "It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court in support of a motion for summary judgment."Maffucci v. Royal Park Ltd. Partnership, 243 Conn. 552, 554-55 (1998).
To maintain a product liability action under Section 52-572m et seq. of the Connecticut General Statutes, the plaintiff must establish and prove that this defendant was engaged in the business of selling the product.Zichichi v. Middlesex Memorial Hospital, 204 Conn. 399, 403 (1999).
Section 52-572m (a) of the Connecticut General Statutes defines "product seller" as follows:
 "Product seller" means any person or entity, including a manufacturer, wholesaler, distributor or retailer who is engaged in the business of selling such products whether the sale is for resale or for use or consumption. The term "product seller" also includes lessors or bailors of products who are engaged in the business of leasing or bailment of products.
CT Page 11093
In support of its motion for summary judgment, defendant Precision has filed an affidavit of its president, Kevin Wypychoski, which states that Precision has been engaged in the business of designing, installing and maintaining fire sprinkler systems for use in commercial buildings since November, 1993 through the present and that Precision is not and never has been a manufacturer, wholesaler, distributor, retailer, lessor or bailor of mechanical/hydraulic lifts.
Plaintiff sought an extension of time to reply to this motion after further discovery, but has filed no opposition or counter affidavit showing Precision's lease or sale of this hydraulic lift.
Whether an entity is a product seller is an issue that may be determined by the court, as a matter of law. Burkett v. Petrol Plus ofNaugatuck, 216 Conn. 65, 72 (1990). Since plaintiff has offered no support for its claim that Precision was a "product seller" of the lift in question, defendant Precision is entitled to summary judgment as a matter of law on the Fifth Count of the Complaint.
SEQUINO J. CT Page 11094