[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON PLAINTIFF'S APPLICATION FOR MANDATORY INJUNCTION
This matter is before the court in connection with plaintiff's application for a mandatory injunction, which the parties agree is in the nature of application for a writ of mandamus. The plaintiff seeks an order of the court directing the defendant Building Inspector for the City of Waterbury to issue a blasting permit for the excavation of a site located at Lots 34 and 35, Watertown Avenue in Waterbury. This action represents at least the third matter before the court in connection with disputes between the plaintiff and City of Waterbury concerning the project on the property which is the subject of this dispute, and adjacent property.
Plaintiff hired Blastech, Inc. to perform blasting work pursuant to a building permit issued to the plaintiff for the construction of a two family residence, including the installation of a foundation. The terms of the excavation and foundation permit require that the work be completed within six (6) months of the issuance of the March 5, 2002 permit. Because the site is comprised of rock and ledge, Blastech applied for, and received in March, 2002, a 30 day blasting permit from the defendant Fire Marshal. The permit was reissued for successive thirty day periods in April and May. In June, however, the Fire Marshal refused to issue another permit, citing complaints by neighbors that the blasting caused damage to foundations in their condominium project.
On August 6, 2002, the plaintiff filed this application for a mandatory temporary injunction, claiming that state statutes and regulations deprive the defendant Building Inspector discretion to deny a blasting permit except in accordance with standards enumerated in the statute and regulations. Specifically, the plaintiff relies on General Statutes § 29-349 (d) which provides, in part, that, "No person shall procure, transport or use any explosives unless he has a valid license under subsection (b) and has obtained a written permit thereof signed by the Commissioner of Public Safety or by the fire marshal of the town CT Page 11675 where such explosive is to be used. . . ." Regulations Sec. 29-349-110, promulgated pursuant to General Statutes § 29-349, provides, in turn, that "No local Fire Marshal shall issue a permit to purchase, transport or use explosives until he is shown a license issued by the State Fire Marshal and is satisfied as to the identity of the applicant and as to what use will be made of the explosives."
Relying on these provisions, the plaintiff argues that the Fire Marshal must issue a blasting permit if: (1) the applicant provides a license issued by the State Fire Marshal and if the Fire Marshal is satisfied as to (2) the identity of the applicant and (3) as to what use will be made of the explosives. Because there is no dispute that the applicant in fact produced a license issued by the State Fire Marshal and because there is no dispute that defendant Fire Marshal is satisfied both as to the identity of the applicant and as to what use will be made of the explosives, the plaintiff argues that the defendant is obligated to issue the blasting permit without further inquiry or investigation.
The defendant contends that while the literal criteria of the regulation may be satisfied, he has inherent authority to deny the permit when, as here, he is presented with complaints by neighbors that raise concerns of public safety that require additional review and investigation. Evidence presented at the hearing indicates that at an unspecified time in June, after denial of the blasting permit, the defendant commenced an investigation into the complaints of nearby residents of a condominium complex who complained of cracks to their floors and foundation walls.
The investigation, which is still not completed, consisted of taking written statements from the neighbors, conducting inspections of the complainants' residences and taking photographs of the claimed damage. The defendant Fire Marshal has also sought the assistance of the State Fire Marshal, but because of other pending investigations the State Marshal has been unable to actively participate in the local investigation. The defendant is unable to specify when the investigation will be concluded or what other additional information must be collected. For its part, the plaintiff presented testimony indicating that its insurer has investigated each and every complaint submitted by the neighbors. Based on that investigation, conducted by a firm specializing in investigating blasting related damage, the insurer was advised that the cracks in foundations and walls cited by the neighbors are not of recent origin, and are not likely to have been the result of plaintiff's blasting given the distance of the neighbors from the blasting cite, and the force of the blasts themselves. CT Page 11676
The law governing plaintiff's application for a mandatory injunction-which the parties concur is an application for a writ of mandamus-is well established. The authority to issue a writ of mandamus is granted to the Superior Court under C.G.S. Section 52-485. "Mandamus is an extraordinary remedy, available in limited circumstances for limited purposes . . . It is fundamental that the issuance of the writ rests in the discretion of the court . . ." Miles v. Foley, 253 Conn. 381,391 (2000). "Mandamus will issue only if the Plaintiff can establish: (1) that the plaintiff has a clear legal right to the performance of a duty by the defendant; (2) that the defendant has no discretion with respect to the performance of that duty; and (3) that the plaintiff has no adequate remedy at law. Town of Stratford v. State Board of Mediation andArbitration, 239 Conn. 32, 44 (1996). Satisfaction of the above test does not, however, automatically require issuance of the mandamus. "In deciding the propriety of a writ of mandamus, the trial court exercises discretion rooted in the principles of equity." Hennessey v. Bridgeport,213 Conn. 656, 659 (1990).
As previously noted, the principal legal issue in this dispute is whether the defendant Fire Marshal retains discretion to deny an application for a blasting permit despite the language of the statute and implementing regulations, § 29-349 et seq and 29-349-110. The plaintiff contends that the language of 29-349-110 — providing that "No local Fire Marshal shall issue a permit to purchase, transport or use explosives until he is shown a license issued by the State Fire Marshal and is satisfied as to the identity of the applicant and as to what use will be made of the explosives" — is an absolute limitation on the Fire Marshal's authority to deny an application. The plaintiff contends that the Fire Marshal is mandated to issue a blasting permit if the applicant has a valid license, identifies himself and demonstrates what use will be made of the explosives. The defendant, by contrast, contends that the language of the statute and regulations specifies some, but not the exclusive, reasons for denying a permit. Defendant argues that both the language of the relevant provisions and the inherently dangerous nature of explosives compel the conclusion that the Fire Marshal has inherent authority to deny a permit when the denial is based on public safety concerns.
It is not necessary to resolve the precise issue raised by the parties because it is clear that even assuming the Fire Marshal retains discretion to deny a permit for reasons other than those specified in the statute and regulations, the Marshal's discretion is subject to reasonable limitations with respect to the nature and duration of the investigation it seeks to conduct. In this case the testimony demonstrates that the defendant's investigation has been ongoing for CT Page 11677 almost three months and has not moved beyond the stage of initial interviews of the complainants and visual inspections of some, but not all of the properties in question. In the face of the State Marshal's unavailability, the defendant has not made any attempt to obtain the assistance of any other experts, either public or private. It is both unknown and unknowable when, if at all, the investigation will be completed.
By contrast, the plaintiff has presented evidence indicating that its insurer undertook and completed a prompt investigation into the claims of damages by neighboring residents. That investigation discloses that the blasting activity is a substantial distance from the neighbor's condominium, that the force of the blast dissipates almost immediately and that the cracks in the basement floors and outer foundation are not of recent origin.
Assuming, without deciding, that the Fire Marshal has reasonable discretion to investigate complaints of an ultra hazardous activity, the Fire Marshal has failed to complete the investigation in a timely manner. To date, over three months have elapsed since the commencement of the investigation into the neighbors' complaints. The maximum duration of a permit is six months, such that the investigation has consumed 50% of the maximum duration of the permit. The investigation has not produced any reliable findings that would warrant the conclusion that the blasting by Blastech has caused any damage to the neighbors' property. Indeed, the evidence presented at the hearing strongly favors the conclusion that the any damage in the condominium basements and foundation walls is unrelated to any blasting activity at the plaintiff's site.
Under the circumstances of this case, the failure of the defendant to timely conclude its investigation implicates the plaintiff's constitutional due process rights to the use of his property. The court is mindful that the particular site in question is the source of ongoing disputes between and amongst the neighbors and the plaintiff, and that the nature of the excavation creates noise and dust that may be disruptive to the neighbors. Nevertheless, the law clearly allows the plaintiff to obtain a blasting permit, even in the face of such incidental disturbance. The fact that both state statute and regulation authorize the issuance of a blasting license and permit under the conditions set forth in those provisions is a recognition of the fact that the legislature has struck the balance between protecting public safety and avoiding unacceptable levels of nuisance, on the one hand, and allowing a property owner to develop his property, on the other.
Therefore, the defendant is ordered to issue the blasting permit to the CT Page 11678 plaintiff. Any blasting conducted pursuant to the permit shall be done in the presence and under the supervision of the local and/or state Fire Marshals. The blasting shall be monitored to insure that it does not exceed the level of force permitted by regulations and/or the terms of the permit. Should any blast exceed the permitted levels, as measured by the Fire Marshal and/or Blastech, the Marshal shall immediately order the cessation of such blasting, and such blasting shall not be permitted to resume until further order of the court.
SO ORDERED.
Robert L. Holzberg, J.
 STATE OF CONNECTICUT
DN: CV 02 0172753S Superior Court
LARS Realty, LLC. Judicial District of Waterbury
v. At Waterbury
Mallamaci, Carmen August 9, 2002
 ORDER The above captioned matter, having been reviewed, it is hereby ordered:
HOLZBERG, JUDGE.
The parties are to appear at 11:30a.m. on August 16, 2002 at which time the Defendant is to provide testimony under oath concerning the results of his investigation of the Plaintiff's blasting activities. Specifically, the Defendant is to indicate whether his investigation has determined whether the Plaintiff's blasting has damaged surrounding properties and the specific factual basis for such findings, if any. The defendant is also to specify whether continued blasting will jeopardize the health or safety of abutting neighbors, and the specific factual basis of such conclusion, if at all.
BY THE COURT (Holzberg, J)
 /s/___________________ TALC
Notice sent via facsimile On August 9, 2002 by JF CT Page 11679
[EDITORS' NOTE: This page is blank.] CT Page 11680