CORT WROTNOWSKI *v.* SUSAN BYSIEWICZ,
SECRETARY OF THE STATE
OF CONNECTICUT
(SC 18264)

---

Heard November 3—officially released November 3, 2008*

*Cort Wrotnowski*, pro se, the plaintiff.

*Richard Blumenthal*, attorney general, and *Susan Quinn Cobb*, assistant attorney general, for the defendant.

*Opinion*

ROGERS, C. J. The plaintiff, Cort Wrotnowski, brought a complaint pursuant to General Statutes § 9-

---

* November 3, 2008, the date that this court's order of dismissal was released, is the operative date for all substantive and procedural purposes.

323[1] against the defendant, Susan Bysiewicz, the secretary of the state, alleging that the defendant unlawfully had failed to verify that Barack Obama, the democratic nominee for the office of president of the United States for the November 4, 2008 presidential election, was a natural born citizen of the United States as required by the United States constitution, article two, § 1.[2] Thereafter, the defendant filed a motion to dismiss the complaint on the ground that this court lacked subject matter jurisdiction over the matter. After a hearing, this court granted the motion to dismiss the complaint and stated that an opinion explaining the reasons for the

---

[1] General Statutes § 9-323 provides in relevant part: "Any elector or candidate who claims that he is aggrieved by any ruling of any election official in connection with any election for presidential electors and for a senator in Congress and for representative in Congress or any of them, held in his town, or that there was a mistake in the count of the votes cast at such election for candidates for such electors, senator in Congress and representative in Congress, or any of them, at any voting district in his town, or any candidate for such an office who claims that he is aggrieved by a violation of any provision of section 9-355, 9-357 to 9-361, inclusive, 9-364, 9-364a or 9-365 in the casting of absentee ballots at such election, may bring his complaint to any judge of the Supreme Court, in which he shall set out the claimed errors of such election official, the claimed errors in the count or the claimed violations of said sections. In any action brought pursuant to the provisions of this section, the complainant shall send a copy of the complaint by first-class mail, or deliver a copy of the complaint by hand, to the State Elections Enforcement Commission. If such complaint is made prior to such election, such judge shall proceed expeditiously to render judgment on the complaint and shall cause notice of the hearing to be given to the Secretary of the State and the State Elections Enforcement Commission. . . ."

[2] The constitution of the United States, article two, § 1, provides in relevant part: "No Person except a natural born Citizen, or a Citizen of the United States, at the time of the Adoption of this Constitution, shall be eligible to the Office of President . . . . "

In his complaint, the plaintiff alleged that the defendant had "not followed . . . [General Statutes §] 9-358," which criminalizes false swearing regarding a person's qualifications to be registered or admitted as an elector or a voter. The plaintiff made no allegation that any person has engaged in such conduct and did not brief his claim under § 9-358. Accordingly, we deem this claim abandoned. See *Caruso* v. *Bridgeport*, 285 Conn. 618, 624 n.5, 941 A.2d 266 (2008).

dismissal would follow in due course. This is that opinion.

The record reveals the following procedural history. On October 31, 2008, the plaintiff filed a complaint in the Supreme Court pursuant to § 9-323 alleging, inter alia, that the defendant had failed to perform her duty to prevent election fraud by requiring proof that Obama was a natural born citizen of the United States before placing his name on the ballot for the office of president of the United States for the November 4, 2008 presidential election.[3] On the same date that the plaintiff filed his complaint, this court ordered that a hearing on the complaint be held on November 3, 2008, at which "the plaintiff should be prepared to show cause why his complaint should not be dismissed because he ha[d] not alleged facts that would confer subject matter jurisdiction on [the] court under . . . § 9-323." This court also ordered the parties to submit trial briefs before the hearing and to be prepared to present evidence at the hearing, if necessary.

In his brief, the plaintiff clarified that he was seeking "a writ of mandamus requiring that [the defendant], or a duly appointed authority . . . immediately acquire primary documents or certified copies from primary sources such as the appropriate [h]ealth [d]epartment and/or appropriate hospital records or verifiable reports regarding same from the [f]ederal [e]lections [c]ommission [or] . . . Obama." The defendant filed a motion to dismiss the complaint on the grounds that the plaintiff: (1) lacked standing because he had failed to allege that he has been aggrieved by a ruling of an election official under § 9-323; (2) lacked standing because he could not demonstrate a specific, personal and legal

---

[3] The plaintiff did not bring his complaint to any particular judge of the Supreme Court. The Chief Justice, as senior justice, determined that she would hear the case.

interest in the challenged action; (3) lacked standing because he could not show that the alleged injury would be redressed by a favorable decision; (4) brought the action against the wrong party because the defendant has no authority to investigate whether a candidate is qualified under the United States constitution to serve as president of the United States; and (5) failed to name the necessary parties, namely, Obama and the state and national Democratic parties. In addition, the defendant claimed that the plaintiff's complaint was barred by the doctrine of laches. After the hearing, this court granted the defendant's motion to dismiss and stated that an opinion would follow in due course.

As a predicate for seeking relief under § 9-323, the plaintiff was required to make a colorable claim that he was aggrieved by a ruling of an election official.[4] See General Statutes § 9-323 ("[a]ny elector or candidate who claims that he is aggrieved by any ruling of any election official in connection with any election for presidential electors . . . may bring his complaint to any judge of the Supreme Court"); cf. *Bortner* v. *Woodbridge*, 250 Conn. 241, 259, 736 A.2d 104 (1999) ("as a predicate for the ordering of a new election under [General Statutes] § 9-328, there must be either [1] an error or errors 'in the rulings of' an election official, or [2] a 'mistake in the count of the votes' "). Because he has not done so, this court concludes that the plaintiff lacked standing to bring his complaint.[5]

The Supreme Court previously has construed the phrase "ruling of [an] election official," as used in General Statutes §§ 9-328 and 9-329a,[6] to mean "some act

---

[4] The plaintiff has not alleged that any of the specific statutory sections listed in § 9-323 have been violated. See footnote 2 of this opinion.

[5] Accordingly, this court does not need to reach the defendant's other grounds for dismissal.

[6] General Statutes § 9-328 governs contests arising from the election of municipal officers and nomination of justices of the peace and authorizes claims by an elector claiming to have been aggrieved by any "ruling of any election official . . . ." General Statutes § 9-329a governs contests arising

or conduct by the official that . . . interprets some statute, regulation or other authoritative legal requirement, applicable to the election process." *Bortner* v. *Woodbridge*, supra, 250 Conn. 268; see also *Caruso* v. *Bridgeport*, 285 Conn. 618, 647, 941 A.2d 266 (2008). The Supreme Court has held that this test "is broad enough to include conduct that comes within the scope of a *mandatory statute* governing the election process, even if the election official has not issued a ruling in any formal sense." (Emphasis added.) *Caruso* v. *Bridgeport*, supra, 647. Thus, "[w]hen an election statute mandates certain procedures, and the election official has failed to apply or to follow those procedures, such conduct implicitly constitutes an incorrect interpretation of the requirements of the statute and, therefore, is a ruling." Id.

The Supreme Court also has held that constitutional claims are not within the ambit of General Statutes §§ 9-324,[7] 9-328 and 9-329a. See *Scheyd* v. *Bezrucik*, 205 Conn. 495, 506, 535 A.2d 793 (1987). When an election official has complied with existing law, but the plaintiff claims that the law is unconstitutional, "the plaintiff may well be aggrieved by the law or regulation, but he or she is not aggrieved by the election official's rulings which are in conformity with the law." (Internal quotation marks omitted.) Id., 503. The Supreme Court reasoned in *Scheyd* that the legislature had excluded constitutional claims from the statutes governing election contests because it "might reasonably have opted for speedy adjudication of disputes about technical violations of election laws on the theory that identification and rectification of such mistakes is ordinarily not a matter of great complexity. Constitutional adjudication,

from primary elections and authorizes claims by an elector claiming to have been aggrieved by a "ruling of an election official . . . ."

[7] General Statutes § 9-324 governs contests arising from an election for state officers and judges of probate.

by contrast, requires study and reflection and may therefore, as a general matter, be deemed less appropriate for accelerated disposition." Id., 505–506.

The parties in the present case do not contend that the phrase "ruling of any election official" as used in § 9-323 has a different meaning than in §§ 9-324, 9-328 and 9-329a, and this court sees no reason why it should. See *Caruso* v. *Bridgeport*, supra, 285 Conn. 646 (court may presume that same language used in different parts of statutory scheme governing election contests has same meaning). Accordingly, this court concludes that the Supreme Court's analysis of the phrase "ruling of any election official" in *Scheyd, Bortner* and *Caruso* is equally applicable to § 9-323.

The plaintiff has not alleged any "act or conduct by the [defendant] that . . . interprets some statute, regulation or other authoritative legal requirement, applicable to the election process"; *Bortner* v. *Woodbridge*, supra, 250 Conn. 268; or identified any mandatory statute that the defendant has failed to apply or follow. See *Caruso* v. *Bridgeport*, supra, 285 Conn. 647. Indeed, he concedes that the election statutes neither require nor authorize the defendant to verify the constitutional qualifications of a candidate for the office of president of the United States.[8] He claims only that the existing election laws governing presidential elections are not adequate to ensure compliance with article two, § 1, of the federal constitution. Accordingly, this court concludes that, under *Scheyd, Bortner* and *Caruso*, the

[8] Thus, even if the plaintiff had standing under § 9-323, he could not prevail on the merits of a mandamus claim. See *Miles* v. *Foley*, 253 Conn. 381, 391, 752 A.2d 503 (2000) (A writ of mandamus will be granted "only where the plaintiff has a clear legal right to have done that which he seeks. . . . The writ is proper only when [1] the law imposes on the party against whom the writ would run a duty the performance of which is mandatory and not discretionary; [2] the party applying for the writ has a clear legal right to have the duty performed; and [3] there is no other specific adequate remedy." [Internal quotation marks omitted.]).

plaintiff has not made a colorable claim under § 9-323 that he is "aggrieved by any ruling of any election official in connection with any election for presidential electors . . . ." Therefore, the plaintiff lacked statutory standing to bring his complaint and this court lacks subject matter jurisdiction over the matter. See *Scheyd* v. *Bezrucik*, supra, 205 Conn. 504–507 (complaint under § 9-328 dismissed when plaintiffs had not made colorable claim that they were aggrieved by ruling of election official); see also *Connecticut Coalition Against Millstone* v. *Rocque*, 267 Conn. 116, 127–48, 836 A.2d 414 (2003) (complaint dismissed for lack of subject matter jurisdiction when plaintiff lacked statutory standing).

The defendant's motion to dismiss the complaint is granted.